**Fahim NAWAS, individually and as next friend of Elias Nawas, a Minor Child, Appellants,**

v.

**R & S VENDING, Dr. Pepper Bottling Company of Texas, and Trails of Ashford Apartments, Appellees.**

No. 01–95–00569–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1996.

Rehearing Overruled April 16, 1996.

---

S. Aftab Sharif, Houston, for Appellants.

Paul A. Hoefker, Houston, for Appellees.

Before OLIVER–PARROT, C.J., and MIRABAL, O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROT, Chief Justice.

■ This case involves an appeal from the trial court's dismissal for want of prosecution[1] and its subsequent denial of appellant's motion to reinstate. Instead of refiling the case, appellant, Fahim Nawas, individually and as next of friend of his minor child, Elias Nawas, brought this appeal. We affirm.

In two points of error, Nawas argues that the trial court abused its discretion by dismissing the case for want of prosecution and for denying the motion to reinstate.

## Summary of Facts

On July 19, 1993, Fahim Nawas, the father of Elias Nawas, a 17–year–old minor child, filed an original petition on the child's behalf claiming personal injuries as a result of a vending machine falling on the child in the laundry room at the Trails of Ashford Apartments. On June 17, 1994, a scheduling order was sent to all attorneys of record setting the case for trial during the two-week period beginning January 16, 1995. On December 22, 1994, Nawas' attorney, S. Aftab Sharif, filed a Motion for Continuance asserting that he had not received the scheduling order and that he had learned about the trial setting for the first time on December 14, 1994. The prejudice asserted by Sharif was that he had not yet designated expert witnesses and that he had a business trip to London planned from January 18 to January 23, 1995, and a four-week vacation in Pakistan planned for February 24, 1995.

After a hearing was held on January 9, 1995, the Motion for Continuance was denied. A pretrial conference was set for noon on January 13, 1995, at which time the issues of the lack of receipt of notices and the complexity of the case were to be discussed. The conference was held as scheduled and the only evidence presented at the conference on the issue of notice was the testimony of the trial court coordinator who testified that, according to the court's records, sched-

uling orders were sent to all attorneys of record.

The trial judge also inquired into the nature of Nawas' case. The medical records on file revealed that the minor plaintiff's left knee was fractured in the accident, but had healed normally. Interrogatory answers indicated that the medical expenses incurred totaled $2,610. The judge postponed the trial setting to January 23, 1995, to allow Sharif additional time to prepare for trial, and to designate an expert. The pretrial conference was adjourned until January 17, 1995.

Neither Nawas nor his attorney, Sharif, appeared for the pretrial conference on January 17, 1995. The trial coordinator was informed 30 minutes prior to the conference that Sharif was suffering from food poisoning. The judge requested that an affidavit supporting these facts be then faxed to the court. However, the court did not receive the affidavit until a week later. Consequently, the judge reset the pretrial conference to be held immediately before trial on January 23, 1995.

On January 23, 1995, neither Nawas nor his attorney appeared for the pretrial conference or trial. The trial coordinator had been informed that Sharif had just returned from London, was suffering from an illness and would be unavailable for trial. The judge "determined as a fact that Plaintiff's attorney Mr. Sharif was attempting to avoid [the] denial of his Motion for Continuance by simply refusing to come to trial."

The judge sent notice to all attorneys that the case would be reset one last time for January 24, 1995, and that failure to appear would result in a dismissal for want of prosecution. Again, neither Nawas nor his attorney of record appeared, but were represented by a different attorney for the purpose of requesting another continuance, which was denied.

## Point of Error One

In their first point of error, appellants argue that the trial judge abused his discre-

---

1. The trial court's order granting dismissal did not state whether the dismissal was with or without prejudice; therefore, it is presumed to be without. *See Greenwood v. Tillamook Country Smoker, Inc.,* 857 S.W.2d 654, 656 (Tex.App.— Houston [1st Dist.] 1993, no writ).

tion by dismissing the case for want of prosecution.

Specifically, appellant contends that the cause was not on file for an unreasonable amount of time such that a discontinuance was warranted, that they diligently pursued the prosecution of this case and that there would be no prejudice to appellees in a delay of this case by granting the continuance.

■ Throughout their brief, appellant failed to provide citations to the record in support of their arguments and their recitation of the statements of fact. The Texas Rules of Appellate Procedure require that an appellate brief include a fair, condensed statement of facts pertinent to the points of error raised, with references to the pages in the record where these facts may be found. TEX.R.APP.P. 74(f). An appellate court is not required to search a record without guidance from an appellant to determine whether assertions regarding the facts of the case are valid. *Anheuser–Busch Companies, Inc. v. Summit Coffee Co.,* 858 S.W.2d 928 (Tex. App.—Dallas 1993, writ denied). Notwithstanding appellant's failure to provide proper citations to the record, we will address appellant's two points of error.

■ The standard of review in a dismissal for want of prosecution and a denial of a motion to reinstate is whether the trial court has committed a clear abuse of discretion. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984); *Ellmossallamy v. Huntsman,* 830 S.W.2d 299, 300 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Brown v. Howeth Inv., Inc.,* 820 S.W.2d 900, 903 (Tex.App.—Houston [1st Dist.] 1991, no writ). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985).

■ The Texas Rules of Civil Procedure afford a trial court discretion to dismiss a case for want of prosecution if a party seeking relief fails to appear for any hearing or trial of which the party had notice. *City of Houston v. Thomas,* 838 S.W.2d 296 (Tex. App.—Houston [1st Dist.] 1992, no writ); TEX.R.CIV.P. 165a(1). The trial court may

consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting and the existence of reasonable excuses for delay. *City of Houston v. Robinson,* 837 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist.] 1992, no writ).

After appellants' failure to appear at two hearings and one trial setting, the judge sent by fax a notice to all attorneys of record that the case would be reset one last time to 10:00 a.m. on January 24, 1995, and that failure to appear would result in dismissal for want of prosecution. The record reflects that neither appellants nor their attorney appeared for this final pretrial hearing and trial; however, another attorney appeared on their behalf solely for the purpose of requesting another continuance, which was denied. The trial coordinator was informed on January 30, 1995, prior to the motion to reinstate, that Sharif had left the country for vacation on January 28, 1995.

The judge concluded as a result that Sharif's failure to appear was either intentional or a result of conscious indifference toward the court. The final two paragraphs of the court's order granting the dismissal for want of prosecution clearly express the court's findings. There, the court stated:

15. Dismissal for want of prosecution is a serious matter, and one that I have not considered lightly, especially as the problem appears to be not so much with the Plaintiffs as with their attorney. However, the Plaintiff [sic] are bound by the acts of their agent, and must be deemed to have agreed to his actions.

16. This is the first time in 5 years as a trial judge that I have had to overrule a motion for continuance based upon attorney illness, but I have never before been presented with an attorney so clearly able to trot around the globe despite his protestations of illness. Under the circumstances herein, if the case cannot be dismissed for want of prosecution, then any attorney who decides not to go to trial for his personal convenience may do so by simply refusing to appear, without fear of the consequences. This cannot be tolerat-

738

ed. Having postponed the trial twice, and given Plaintiffs ever [sic] opportunity and warning that they must appear, their failure to do so requires that this case be, and it is hereby, dismissed for want of prosecution.

The court gave fair warning to the parties that their failure to appear for the January 24th trial setting would result in dismissal of the case. Appellants state in their brief that the excuse for their failure to appear was that Sharif had once again become too ill to represent his clients at trial and was instructed by his doctor to take seven days rest with three days complete bed rest.

■ Appellants and their attorney failed to appear for hearings and trial settings for which they had notice. In light of the history of the case as set forth above, we cannot say the judge acted in an arbitrary or unreasonable manner in dismissing the case for want of prosecution. We overrule appellants' first point of error.

### Point of Error Two

In their second point of error, appellants argue that the trial court abused its discretion in denying their motion to reinstate.

■ A case may be reinstated upon a finding by the trial court that the failure of a party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or a mistake or that the failure has been otherwise reasonably explained. TEX.R.CIV.P. 165a(3). Reinstatement must be granted if the trial court finds that the failure of the party or his attorney was not intentional or the result of conscious indifference. *Brown v. Howeth Investments, Inc.*, 820 S.W.2d 900, 902 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The record does not contain a copy of the trial court's order denying the motion to reinstate, nor does it contain transcripts from the hearing on the motion to reinstate. However, in the dismissal order, the trial court found as a matter of fact that appellant and appellants' counsel's failure to appear at the final trial setting was intentional or a result of conscious indifference.

To support their argument, appellants cite a number of cases wherein appellate courts have reversed dismissals when reasonable explanations were provided for the failure to appear. *See Torres v. Rios*, 869 S.W.2d 555 (Tex.App.—Corpus Christi 1993, no writ); *see also Clark v. Pruett*, 820 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1991, no writ). Here, appellants have provided no such explanations.

In support of their motion to reinstate, appellants provided the affidavits of two physicians to support Sharif's contention that he failed to appear at the hearings and trial settings due to illness. However, though Sharif claims to have been advised by his physician on January 23, 1995, to rest for seven days and was therefor unable to attend the January 24, 1995, trial setting, he was able to leave the country on vacation on January 28, 1995, two days shy of the seven days rest his physician allegedly had advised.

■ Examining the record as a whole, it cannot be said that the judge clearly abused his discretion in refusing to grant appellants' motion to reinstate. There is sufficient evidence in the record to support the judge's conclusions that appellant and his counsel intentionally or as a result of conscious indifference failed to appear for scheduled hearings and trial.

We overrule appellant's second point of error and affirm the judgment of the trial court.

O'CONNOR, J., dissents.

O'CONNOR, J., requested a vote to determine if the case should be heard en banc, pursuant to TEX.R.APP.P. 79(d), (e) and TEX.R.APP.P. 90(e).

OLIVER–PARROTT, C.J., and MIRABAL, WILSON, HEDGES and TAFT, JJ., voted against en banc consideration.

COHEN, HUTSON–DUNN and ANDELL, JJ., did not participate.

### DISSENTING OPINION FROM DENIAL OF EN BANC REVIEW

O'CONNOR, Justice.

I dissent. I would reverse and remand for trial. This case was barely 18 months old at the time of dismissal.

In its docket control order mailed to the parties on June 17, 1994, the trial court set the case for trial for a two-week period beginning January 16, 1995. Two of the parties in this case did not receive that order, the plaintiffs and one of the defendants. The plaintiffs actually learned their case was set for trial on December 14, 1994, when the defendant who did not get the order called to ask the plaintiffs to agree to a continuance. The plaintiffs consented to that defendant's motion for continuance, and filed their own motion. In their motion for continuance, the plaintiffs alleged they had not yet designated expert witnesses, and that their lawyer had a planned business trip to London from January 18 to January 23, 1995 and a four-week vacation in Pakistan beginning February 23, 1995. The trial court overruled the motion for continuance on January 9, 1995. At a hearing on January 13, the trial court postponed the trial until the week of January 23, 1995, and gave the plaintiffs until January 17, 1995, to designate an expert.

Neither the plaintiffs nor their attorney appeared at the pretrial conference hearing set for January 17 or for the trial setting on January 23. The court coordinator called the plaintiffs' lawyer's office on January 23 and was told he had just returned from London and was suffering from food poisoning. The court refused to believe that the attorney was ill and set the case for trial on the following day. On January 24, another attorney appeared for the plaintiffs and asked for a continuance based on the illness of the plaintiffs' counsel. The court signed an order dismissing the case on January 30.

After the court dismissed the case, the plaintiffs filed a motion to reinstate based on the illness of their attorney. In the motion, the plaintiffs stated that the attorney had been seriously ill. Attached to the motion were two medical affidavits. One was the affidavit of a doctor who stated he examined the plaintiffs' attorney on January 17, and that he had food poisoning. The other affidavit was by a doctor at Ben Taub Hospital that he examined the plaintiffs' attorney on January 22 and 23, and he was ill and he advised him to stay in bed and take prescribed medication. The court overruled the motion to reinstate and entered a lengthy order explaining its reasons for its ruling.

## Reason for denying first motion for continuance

The primary reason the court gave for denying the first motion for continuance was that the court coordinator testified at a hearing that she mailed the notice to all parties. The court concluded that it was incredible that some of the parties received the notice and the plaintiffs did not. Thus, the court found that the plaintiffs received notice of the hearing several months before the trial setting.

The fact of mailing creates a rebuttable presumption that it was received. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994). When the plaintiffs filed an affidavit verifying that he did not receive the notice, that information rebutted the presumption that the notice was not received. *Id.; Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex.1987). The presumption of receipt is not evidence and vanishes when opposing evidence is introduced that the notice was not received. *Cliff*, 724 S.W.2d at 780; *see also Roob v. Von Beregshasy*, 866 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (court could not disregard the appellant's verified and uncontradicted motion for continuance in which he stated he did not receive the notice).

The *Cliff* case is instructive because it mirrors the facts (but not the result) in this case. In *Cliff*, the trial court rendered a post-answer default based on a notice sent to the plaintiffs of a trial setting. The plaintiffs filed an affidavit that they did not receive the notice. The Supreme Court reversed and remanded to the trial court because the affidavit was sufficient to overcome the presumption of receipt. *Id.* We should do the same.[1]

---

1. Under Tex.R.Civ.P. 245, the parties are entitled to 45 days notice of the trial setting. The plaintiffs did not get the required notice and the trial court should have granted the motion for continuance.

### Reason for refusing to reinstate

The reason the trial court gave for refusing to reinstate the case was that it did not believe the plaintiffs' attorney was too ill to attend the hearing on January 17 and the trial on January 24. The trial court held that the lawyer's illness was too close to his vacation to be believable. The defendants did not file controverting affidavits that challenged the veracity of those affidavits.

I do not believe the trial court had the option to disbelieve the medical doctors' affidavits. When a party files an affidavit from a doctor who verifies that the person is too ill to attend trial, unless the evidence is controverted, the court cannot disbelieve the affidavits. The trial court did not have the discretion to reject the uncontroverted facts in the doctors' affidavits. *See Roob,* 866 S.W.2d at 767; *Verkin v. Southwest Center One, Ltd.,* 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

### Technical faults of the brief

The majority takes the plaintiffs to task for not providing citation to the record. The record in this case consists of a transcript, and it is only 77 pages long. I would hold that the issue of dismissal is so simple that the failure to cite to the transcript is not an error that should be considered by the Court.

### Summary

I believe the trial court abused its discretion in refusing to reinstate this case.