NO. 12-01-00090-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HENRY LEE BETHUNE,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


TEXAS DEPARTMENT OF CRIMINAL

JUSTICE-INSTITUTIONAL §
 ANDERSON COUNTY, TEXAS

DIVISION, ET AL.,

 APPELLEES






PER CURIAM


 Appellant Henry Lee Bethune ("Bethune") appeals the trial court's decision to dismiss his
pro se informa pauperis lawsuit for want of prosecution pursuant to Rule 165(a) of the Texas Rules
of Civil Procedure. We affirm.

 Bethune, a prison inmate, filed a pro se informa pauperis lawsuit for injuries he sustained
when a metal locker fell on him during a work assignment. He brought suit under the Texas Tort
Claims Act against the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID")
and certain TDCJ-ID employees, alleging that he was not provided a safe place to work and that the
employees were negligent. The lawsuit was filed on May 28, 1999. TDCJ-ID answered on August
5, 1999. After the filing of a motion to dismiss for failure to comply with Chapter 14 of the Texas
Civil Practice and Remedies Code, the trial court dismissed the lawsuit against the individual
defendants on September 1, 2000. The trial court dismissed the remainder of Bethune's lawsuit on
February 20, 2001 for want of prosecution. Bethune now asserts that the trial court incorrectly
dismissed his suit.

 The standard of review of a trial court's dismissal for want of prosecution is abuse of
discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (dismissal for want of prosecution); 
Nawas v. R & S Vending, 920 S.W.2d 734, 737 (Tex. App.- Houston [1st Dist.] 1996, no writ)
(dismissal for want of prosecution and denial of motion to reinstate). An abuse of discretion occurs
if the trial court acts without reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985);
Nawas, 920 S.W.2d at 737.

 A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at
a hearing or trial, (2) when the case has not been disposed of within the supreme court's time
standards, (1)
 and (3) by the court's inherent power to dismiss when the case has not been prosecuted
with due diligence. Tex. R. Civ. P. 165a(1), (2); City of Houston v. Thomas, 838 S.W.2d 296, 297
(Tex. App.- Houston [1st Dist.] 1992, no writ) (citing Veteran's Land Bd. v. Williams, 543 S.W.2d
89, 90 (Tex. 1976)).

 Here, the record reflects the trial court dismissed Bethune's case because there was no
appearance or announcement at a dismissal docket. The issue is whether the record supports the trial
court's dismissal of Bethune's case because he failed to use due diligence in the prosecution of his
case, or because, as a general matter, there was no valid excuse for it not being disposed of within
the applicable time standards.

 In determining whether a case has been prosecuted with due diligence, the trial court may
consider the entire history of the case, including the length of time the case was on file, the amount
of activity in the case, the request for a trial setting, and the existence of reasonable excuses for
delay. State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); City of Houston, 838 S.W.2d at 297;
NASA I Business Ctr. v. American Nat'l Ins. Co., 747 S.W.2d 36, 37 (Tex. App.- Houston [1st
Dist.] 1988), writ denied per curiam, 754 S.W.2d 152 (Tex.1988).

 Bethune filed his original petition on May 28, 1999 and the suit was left pending for 19
months before it was dismissed. The petition was properly served, and Appellees filed their answer. 
Bethune filed a motion for settlement conference on May 23, 2000 and an opposition to TDCJ-ID's
motion to dismiss on August 28, 2000. No request for a trial setting or payment of jury fees was ever
submitted. Bethune filed nothing with the court in response to his case being placed on a dismissal
docket to explain the delay in prosecuting the case. Although Bethune alleges that TDCJ-ID
personnel purposely did not deliver the notice to him, there is nothing in the record to support this
allegation.

 Based on the record before us, we cannot conclude the trial court abused its discretion by
dismissing Bethune's case for want of prosecution. Therefore, Bethune's issue is overruled.

 The judgment of the trial court is affirmed.


Opinion delivered December 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
























(DO NOT PUBLISH)


1. Civil jury and non-jury trial cases should be brought to trial within 18 and 12 months of the appearance date,
respectively. Tex. R. Jud. Admin. 6(b), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. F app. (Vernon 1998).