Opinion issued August 1, 2002 













In The

Court of Appeals

For The

First District of Texas






NO. 01-98-00990-CV






THOMAS C. SAWYER, JR., Appellant


V.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL
DIVISION, RICHARD PUSTKA, JUNE GROOM, JOHN STACE, AND

Z. RAMIREZ, Appellees






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 19,443-C






O P I N I O N

 Appellant, Thomas C. Sawyer, Jr., appeals the trial court's dismissal of his suit
for want of prosecution. In four points of error, appellant contends the trial court
erred in (1) dismissing his case for want of subject matter jurisdiction or for want of
prosecution, (2) transferring venue from Travis County to Walker County, (3)
denying Sawyer's motion for costs of litigation, and (4) denying Sawyer's request for
records under the Texas Open Records Act. (1) Appellees, the Texas Department of
Criminal Justice - Institutional Division (TDCJ), Richard Pustka, June Groom, John
Stace, and Z. Ramirez, contend the appeal should be dismissed for lack of subject
matter jurisdiction, or, alternatively, because appellant's notice of appeal was
insufficient. We affirm.

Facts

 Sawyer is an inmate of the TDCJ's Estelle Unit in Huntsville, Walker County,
Texas. His suit is based on the confiscation of 20 postage stamps worth $5.80. On
May 7, 1994, Sawyer went to the prison law library. Officer Kennon, the library
supervisor, told Sawyer to wait before being seated because he was looking for 14
missing postage stamps. When the missing stamps were not found, the inmates in the
library were strip-searched. Prison officials found 20 stamps in Sawyer's wallet. 
Despite Sawyer's explanation that he had purchased the stamps at the commissary,
the stamps were taken from him. At Sawyer's disciplinary hearing, Sawyer presented
commissary records showing that he had purchased many stamps during the
preceding six months, and he was ultimately found not guilty of stealing the missing
stamps. Sawyer petitioned Warden Richard Pustka, TDCJ Regional Director June
Groom, and Deputy Director John Stace for the return of his confiscated stamps. 
Sawyer contends his stamps were never returned.

 In August of 1995, Sawyer sued the TDCJ, Pustka, Groom, Stace, and Officer
Z. Ramirez in Travis County. Pustka answered and filed a motion to transfer venue
from Travis County to Walker County. Over Sawyer's objection, the motion was
granted.

 On July 27, 1998, the trial court held an evidentiary hearing to determine
whether appellees could provide commissary and banking records to Sawyer showing
he purchased the confiscated stamps. At the conclusion of the hearing, the trial court
dismissed Sawyer's case because his claims failed to meet the minimum amount in
controversy requirement. That ruling was not reduced to writing. On August 20,
1998, the trial court entered a final order dismissing Sawyer's case for want of
prosecution, not for want of jurisdiction. (2)


Motion to Transfer

 In his second point of error, Sawyer argues that the Travis County district court
abused its discretion when it transferred the case from Travis County to Walker
County. We consider the question of venue first because a finding that venue was not
proper requires us to reverse the trial court's order. Tex. Civ. Prac. & Rem. Code
Ann. §15.064 (Vernon 1986). 

 Sawyer contends venue was proper in Travis County under sections 15.001,
15.002, 15.014, 15.038, and former section 15.061 of the Texas Civil Practices and
Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001, .002 (Vernon Supp.
2002), 15.014, .038, (Vernon 1986), § 15.061 [Act of May 2, 1983, 68th Leg., R.S.,
ch. 385, § 1, 1983 Tex. Gen. Laws 2119, repealed by Act of May 8, 1995, 74th Leg.,
R.S., ch. 138, § 10, 1995 Tex. Gen. Laws 981]. We disagree. Section 15.019 is a
mandatory venue provision that requires venue for a suit accruing while a plaintiff is
confined in a TDCJ facility to be brought in the county where that facility is located,
except when the suit is a mandamus action against the head of a department of state
government. Tex. Civ. Prac. & Rem. Code Ann. §15.019 (Vernon Supp. 2002). 
Because Sawyer's immediate suit does not fall within any exception to section
15.019, he was required to file his suit in Walker County. 

 We overrule Sawyer's second point of error. 


Subject Matter Jurisdiction and Notice of Appeal

 Appellees argue that the trial court should have dismissed Sawyer's claims for
lack of subject matter jurisdiction because the alleged damages did not meet the
minimum amount in controversy requirement of $200.01 for a district court. See Tex.
Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007 (Vernon 1988); see also Arnold
v. West Bend Co., 983 S.W.2d 365, 366 n.1 (Tex. App.--Houston [1st Dist.] 1998,
no pet.) (describing effect of changes to Texas Constitution and statutes). 

 Whether a trial court has subject matter jurisdiction is a question of law and is
reviewed de novo. Tex. Dep't of Crim. Justice v. Miller, 48 S.W.3d 201, 204 (Tex.
App.--Houston [1st Dist.] 1999), rev'd on other grounds, 51 S.W.3d 583, 585 (Tex.
2001) (holding no subject matter jurisdiction because no statutory waiver of
sovereign immunity). A plaintiff bears the burden of alleging facts showing that the
trial court has subject matter jurisdiction. Id. at 203. When deciding whether the trial
court has jurisdiction, this Court must look solely to the allegations in the petition. 
Id. We must take the allegations in the petition as true and construe them in favor of
the pleader. Id. at 204.

 Appellees argue Sawyer's claims do not meet the jurisdictional minimum
because the total value of the postage stamps is only $5.80. Sawyer, however, claims
damages in the amount of $20,205.80. (3)

 Construing Sawyer's pleadings in his favor, we hold that the trial court had
subject matter jurisdiction over his claims. See Texas Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

 Appellees next argue that Sawyer's notice of appeal was insufficient to perfect
his appeal because he did not correctly specify the date of the order from which he
appeals. See Tex. R. App. P. 25.1(d)(2) (providing "notice of appeal must state the
date of judgment or order appealed from").

 At the conclusion of the evidentiary hearing on July 27, 1998, the trial court
ruled that Sawyer's case was dismissed because he failed to meet the minimum
amount in controversy requirement. That ruling, however, was not reduced to
writing. On August 20, 1998, the trial court entered a final order dismissing Sawyer's
case for want of prosecution. On August 21, 1998, Sawyer filed a notice of appeal
which stated he was appealing the trial court's July 27th oral ruling. Sawyer then
filed an amended notice of appeal on September 2, 1998 specifying that he was
appealing the trial court's August 20th written order of dismissal.

 Because Sawyer amended his notice of appeal more than one year before he
filed his brief, we hold that his notice was sufficient. See Tex. R. App. P. 25.1(f)
(amending of notice of appeal to correct defect or omission may be filed at any time
before appellant's brief filed). 

Dismissal for Want of Prosecution

 In his first point of error, Sawyer argues that the trial court's dismissal of his
case for want of prosecution was improper. We review the court's dismissal for want
of prosecution under an abuse of discretion standard. Nawas v. R & S Vending, 920
S.W.2d 734, 737 (Tex. App.--Houston [1st Dist.] 1996, no writ).

 A trial court may dismiss a case for want of prosecution (1) when a party fails
to appear at a hearing or trial, (2) when the case has not been disposed of within the
Supreme Court's time standards, and (3) under the trial court's inherent power to
dismiss, when the case has not been prosecuted with due diligence. Tex. R. Civ. P.
165a; City of Houston v. Robinson, 837 S.W.2d 262, 264 (Tex. App.--Houston [1st
Dist.] 1992, no writ). When, as here, the record does not contain findings of fact or
conclusions of law, and the trial court did not specify the standard of dismissal used,
we must affirm on the basis of any legal theory supported by the record. Robinson,
837 S.W.2d at 264. A party must be provided with notice and an opportunity to be
heard before a court may dismiss a case for want of prosecution under either Rule
165a or the court's inherent authority. See Tex. R. Civ. P. 165a(1); Villarreal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). 

 At the July 28, 1998 dismissal hearing, Assistant Attorney General Jean Wong
moved to dismiss the case for want of prosecution. Wong informed the trial court
that three years had passed from the time Sawyer filed his petition until he filed his
first discovery requests, and that she did not believe that Pustka, Groom, Stace,
Ramirez, or the TDCJ had been served in those three years. Sawyer stated that he had
filed numerous documents with the trial court and had served Pustka, Stace, and
Ramirez. However, many of the documents to which Sawyer referred concerned
another case. In 1997, Sawyer did write the trial court and ask how to set this case
for trial.

 The Rules of Judicial Administration provide that civil jury cases should be
disposed of within 18 months from the appearance date. Tex. R. Jud. Admin. 6(b),
reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 1998); Lopez v.
Harding, 68 S.W.3d 78, 80 n.1 (Tex. App.--Dallas 2001, no pet.). Civil nonjury
cases should be disposed of within 12 months. Tex. R. Jud. Admin. 6(b). In 1995,
Sawyer filed a letter with the Travis County District Clerk's Office which indicated
that he had served appellees by mail. See Tex. R. Civ. P. 21a and 106. The record
supports this statement in respect to Pustka, who filed an answer and a motion to
transfer venue. Based on this date, whether Sawyer's claims were tried to a jury or
to the trial court, his claims should have been brought to trial or reached a final
disposition more than one year before the trial court entered its final order of
dismissal in August 1998. We conclude, based on these facts, that Sawyer has not
demonstrated that the trial court abused its discretion in dismissing his claims against
Pustka for want of prosecution. See Nawas, 920 S.W.2d at 737.

 Sawyer has also not shown that the trial court abused its discretion in
dismissing his claims against Stace and Ramirez for want of prosecution. Sawyer told
the trial court that he had served Stace and Ramirez. However, he did not indicate
any dates of service, nor does the clerk's record include any returns of service.
Assuming Sawyer served Stace and Ramirez, he has not shown that his claims against
them were brought to trial or reached a final disposition within the time period
prescribed by the Supreme Court. Therefore, as with Pustka, Sawyer has not shown
the trial court abused its discretion in dismissing his claims as to Stace and Ramirez. 
Id.

 Finally, Sawyer has not shown that the trial court abused its discretion in
dismissing his claims against Groom and the TDCJ because he did not use due
diligence in prosecuting those claims. See Tex. R. Civ. P. 165a; Robinson, 837
S.W.2d at 264. A court may, when determining whether a plaintiff has exercised due
diligence in the prosecution of his case, consider whether a plaintiff provides a valid
excuse for its failure to timely serve process on that defendant. A trial court may
determine, as a matter of law, that a plaintiff has not exercised due diligence if he
does not provide a valid excuse for his failure to timely serve a defendant with
process. See Holstein v. Fed. Debt. Mgmt., Inc., 902 S.W.2d 31, 35 (Tex.
App.--Houston [1st Dist.] 1995, no writ). Unexplained lapses of time between the
filing of suit, issuance of citation, and service may show the plaintiff has, as a matter
of law, failed to exercise due diligence. Li v. Univ. of Texas Health Sci. Ctr. at
Houston, 984 S.W.2d 647, 652 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). 

 Here, Sawyer told the trial court that, as of July 1998, he had attempted,
without success, to serve Groom by certified mail and that he had not served the
TDCJ. Sawyer, however, provided no justification for his inability to obtain service
during the more than two years between the time he filed suit and the date of the
hearing. We conclude that Sawyer's failure to obtain service is evidence of his lack
of due diligence in the prosecution of his claims against Groom and TDCJ. We also
hold that Sawyer has, therefore, not demonstrated the trial court abused its discretion. 
Nawas, 920 S.W.2d at 737.

 We overrule Sawyer's first point of error.


Sawyer's Motion for Costs of Litigation and Texas Open Records Act 

 In his third and fourth points of error, Sawyer argues the trial court abused its
discretion when it denied his motion for costs of litigation and when it denied his
request for documents under the Texas Open Records Act. (4) Sawyer's complaints
relate to a previous case which we have already addressed. (5) We do not have
jurisdiction to reconsider these issues here. See Tex. R. App. P. 25.1(b) (proper notice
of appeal invokes our jurisdiction over all parties to trial court's judgment). Sawyer
cannot, by perfecting an appeal in the present case, seek enforcement of our previous
order directed to a different party.

 We overrule Sawyer's third and fourth points of error.







Conclusion

 All pending motions are denied.

 We affirm the trial court's order.

 

 Davie L. Wilson

 Justice


Panel consists of Justices Nuchia, Jennings, and Wilson. (6)

Do not publish. Tex. R. App. P. 47.4.
1. ' §§ 
2. 
 -- 
 
3. ' 
 
 
 
 " 
 " 
4. ' §§ 
5. --- -- 
 
6.