COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-370-CV

CHARLES SALLIE APPELLANT

V.

JOHN DOE, ET AL. APPELLEES

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Charles Sallie, pro se, appeals from the trial court’s dismissal of his lawsuit for want of prosecution.  We affirm.

Background

Appellant is an inmate of the Texas Department of Criminal Justice—Institutional Division.  On September 9, 2003, Appellant filed suit against “John Doe, Medical Director,” alleging the defendant committed medical malpractice by failing to provide adequate medical care for Appellant’s erectile dysfunction and seeking compensatory and punitive damages.  Citation issued on September 15, 2003, and was returned unserved on October 1, 2003, with the notation, “return unserved unable to locate.”  Over the course of the next two years, Appellant filed several documents in the trial court, including a motion to remove his case to federal court, a motion for disclosures, and a motion for a pretrial conference.  

On April 12, 2006, over two and a half years after Appellant filed suit, the trial court issued a letter stating that the case would be dismissed for want of prosecution unless the parties filed a motion to retain and had a hearing on the motion within sixty days.  Appellant filed a motion to retain on May 9, 2006, and on the same day the trial court issued the following order:

It is . . . ORDERED that Plaintiff shall have proper service issued, served, and the return filed within forty-five (45) days from the date of this Order, or the case will be dismissed for want of prosecution. 

On June 21, two days before the dismissal deadline, Appellant filed a motion to extend time to comply with the May 9 order, stating that he had requested to review his medical records to determine the true identity of “John Doe.”  The trial court granted the motion and extended the deadline until July 27, 2006. Appellant filed another motion to extend time on July 12, and again the trial court extended the deadline, this time until August 25, 2006, and stated, “Plaintiff is advised that there will be no other extensions of time.” 

On July 17, 2006, Appellant filed a “motion for leave to file an amended complaint,” stating that he had identified the “John Doe” defendant as Dr. David E. Potter; the trial court granted his motion that same day.  Thereafter, between July 31 and August 10, Appellant filed various documents with the trial court, including an amended petition, a motion for a temporary restraining order and a preliminary injunction, a “motion for default,” a request for entry of default judgment, discovery requests, and another motion to extend the dismissal deadline.  But the record does not show that he requested service of process on Dr. Potter during this time.

On August 28, 2006, the trial court found that process had not been issued, served, and returned as required by its order of July 12 and dismissed the case “for want of prosecution and for failing to comply with the Court’s Orders.”  Appellant filed several postdismissal motions, including a motion to “reopen” the case, a motion requesting service on Dr. Potter, a motion for appointment of counsel, a motion for new trial, and ultimately a notice of appeal.  The record does not show that the trial court took any action on Appellant’s postdismissal motions.  This appeal followed.
(footnote: 2)
Discussion

In five issues, Appellant argues (1) that the trial court erred by dismissing his case for want of prosecution, (2) that his “factual allegation of Denial of Medical Treatment raises question of law state/federal,” (3) that the trial court denied him a fair hearing, (4) that the trial court erred by failing to appoint counsel, and (5) that the trial court erred by failing to rule on his application for a temporary restraining order and a preliminary injunction.

Dismissal for want of prosecution

Texas law confers on trial courts the discretionary authority to dismiss a case for want of prosecution. 
 Tex. R. Civ. P
. 165a;
 Villarreal v. San Antonio Truck & Equip.
, 994 S.W.2d 628, 630 (Tex. 1999);
 City of Houston v. Thomas
, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ).  A trial court may dismiss a case when (1) it finds that the case has not been prosecuted with due diligence; (2) the case has not been disposed of within the Texas Supreme Court’s time standards; or (3) a party fails to appear at a hearing or trial.
  Villarreal
, 994 S.W.2d at 630; 
Thomas
, 838 S.W.2d at 297.  In determining whether a plaintiff has prosecuted his case with due diligence, “[t]he trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting and the existence of reasonable excuses for delay.”  
Nawas v. R & S Vending
, 920 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1996, no writ).  A pro se litigant is as responsible for prosecuting his action with diligence as any other litigant. 
 See Coleman v. Lynaugh
, 934 S.W.2d 837, 838 (Tex. App.—Houston [ 1st Dist.] 1996, no writ).  We may reverse a trial court’s dismissal of a claim for want of prosecution only if the court clearly abused its discretion.  
MacGregor v. Rich
, 941 S.W.2d 74, 75 (Tex. 1997); 
Nawas
, 920 S.W.2d at 737.

As excuse for his failure to serve process on Dr. Potter, Appellant states that he was “on restriction” and had access to mailing supplies once a month.  But the record shows that during the three years his case was pending in the trial court, he managed to mail at least thirty-seven documents to the trial court clerk.  Two and a half years lapsed before Appellant attempted to identify the John Doe defendant, and Appellant did not actually request service on Dr. Potter until after the trial court dismissed his suit for want of prosecution.  Under the circumstances, we cannot say that the trial court clearly abused its discretion by dismissing Appellant’s suit, and we overrule his first issue.

In his third issue, Appellant argues that the trial court’s order of dismissal deprived him of his due process right to a fair hearing.  In the context of dismissal for want of prosecution, Texas courts have held due process requires that a litigant receive notice before the litigant’s claims are dismissed.  
See, e.g., Villarreal
, 994 S.W.2d at 630; 
Creel v. Dist. Atty. for Medina County
, 818 S.W.2d 45, 46 (Tex. 1991); 
Rohus v. Licona
, 942 S.W.2d 111, 112-13 (Tex. App.—Houston [1st Dist.] 1997, no writ).  Here, Appellant received notice of the trial court’s intent to dismiss his claims and filed a response and several motions to extend the dismissal deadline.  Therefore, we hold that the trial court’s dismissal order did not violate Appellant’s due process right, and we overrule his third issue.

Appointment of counsel

In his fourth point, Appellant argues that the trial court erred by failing to appoint counsel to represent him.  We review a trial court’s ruling on a motion to appoint counsel in a civil case for an abuse of discretion.  
Gibson v. Tolbert
, 102 S.W.3d 710, 712 (Tex. 2003).

The Texas legislature has provided for appointed counsel in juvenile delinquency cases,
(footnote: 3) in parental termination cases,
(footnote: 4) and in cases in which application for court-ordered mental health services has been made.
(footnote: 5)  The legislature has also provided for at least the possibility of appointed counsel in other civil matters by conferring upon a district court judge the discretion to “appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.”  
Tex. Gov’t Code Ann
. § 24.016 (Vernon 2004).  Under exceptional circumstances, “the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant.”  
Travelers Indem. Co. v. Mayfield
, 923 S.W.2d 590, 594 (Tex. 1996).   In 
Gibson
, the supreme court noted that “it is easier to determine what is not exceptional than to pronounce a general proposition on what would be exceptional.”  102 S.W.3d at 713.  Like the case before us, 
Gibson
 involved an inmate’s medical malpractice claim against a prison doctor.  
Id.
 at 711.  The court of appeals held that the case presented “exceptional circumstances” and that the trial court erred by failing to appoint counsel for the inmate.  The supreme court reversed, stating,

This case is an obvious example [of unexceptional circumstances]. Inmate suits against prison personnel, rather than rare and unusual, are common.  In fact, the Legislature enacted laws in an effort to curb this particular area of litigation excess.   The mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances such that it warrants appointed counsel. Furthermore, plaintiffs in medical malpractice cases are routinely represented by counsel on contingent fee contracts.  As long as his claims against [the doctor] were meritorious, [the inmate’s] indigency should not have prevented him from employing able counsel.
  The trial judge did not abuse his discretion by failing to appoint counsel for [the inmate].

Id.
 at 713 (citations omitted). 

Following the precedent set by 
Gibson
, and for the reasons articulated by the supreme court, we hold that the trial court did not abuse its discretion by not appointing counsel, and we overrule Appellant’s fourth issue.

Remaining issues

In his second and fifth issues, Appellant argues that his trial court petition stated a cognizable claim and that the trial court erred by failing to rule on his motion for a preliminary injunction.  The trial court dismissed his claims for want of prosecution, not because Appellant failed to state a claim; therefore, his second issue is moot.  Whether Appellant was entitled to a preliminary injunction is also moot because it concerns the merits of his case, not the trial court’s dismissal for want of prosecution.  Therefore, we need not address Appellant’s remaining issues on the merits.  
See
 
Tex. R. App. P.
 47.1.

Conclusion

Having overruled Appellant’s first, third, and fourth issues, and not reaching his second and fifth issues, we affirm the trial court’s order of dismissal for want of prosecution.  We deny Appellant’s “Motion for Reconsideration of Appointment of Counsel,” “Motion for a Temporary Restraining Order and Preliminary Injunction,“ ”Motion for Leave to File and Amended Complaint Adding Some More Parties, Pursuant to Rules of Civ. Pro.,” “Motion for Leave to File a Supplemental Complaint,” and “Motion Requesting Appointment of Expert Witness.”

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DELIVERED: August 9, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
No party filed an Appellee’s brief.

3:
See
 
Tex. Fam. Code Ann.
 § 51.10 (Vernon Supp. 2006).

4:
See id.
 § 107.013 (Vernon Supp. 2006).

5:
See
 
Tex. Health & Safety Code Ann.
 § 574.003 (Vernon 2003).