COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-370-CV

 

 

CHARLES SALLIE                                                                APPELLANT

 

                                                   V.

 

JOHN DOE, ET AL.                                                               APPELLEES

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Charles Sallie, pro
se, appeals from the trial court=s dismissal of his lawsuit for want of prosecution.  We affirm.

                                            Background








Appellant is an inmate of the
Texas Department of Criminal JusticeCInstitutional Division.  On
September 9, 2003, Appellant filed suit against AJohn Doe, Medical Director,@ alleging the defendant committed medical malpractice by failing to
provide adequate medical care for Appellant=s erectile dysfunction and seeking compensatory and punitive
damages.  Citation issued on September
15, 2003, and was returned unserved on October 1, 2003, with the notation, Areturn unserved unable to locate.@  Over the course of the next
two years, Appellant filed several documents in the trial court, including a
motion to remove his case to federal court, a motion for disclosures, and a
motion for a pretrial conference.  

On April 12, 2006, over two
and a half years after Appellant filed suit, the trial court issued a letter
stating that the case would be dismissed for want of prosecution unless the
parties filed a motion to retain and had a hearing on the motion within sixty
days.  Appellant filed a motion to retain
on May 9, 2006, and on the same day the trial court issued the following order:

It is
. . . ORDERED that Plaintiff shall have proper service issued, served, and the
return filed within forty-five (45) days from the date of this Order, or the
case will be dismissed for want of prosecution. 

 








On June 21, two days before the dismissal
deadline, Appellant filed a motion to extend time to comply with the May 9
order, stating that he had requested to review his medical records to determine
the true identity of AJohn Doe.@  The trial court granted the
motion and extended the deadline until July 27, 2006. Appellant filed another
motion to extend time on July 12, and again the trial court extended the
deadline, this time until August 25, 2006, and stated, APlaintiff is advised that there will be no other extensions of time.@ 

On July 17, 2006, Appellant
filed a Amotion for leave to file an amended complaint,@ stating that he had identified the AJohn Doe@ defendant
as Dr. David E. Potter; the trial court granted his motion that same day.  Thereafter, between July 31 and August 10,
Appellant filed various documents with the trial court, including an amended
petition, a motion for a temporary restraining order and a preliminary
injunction, a Amotion for
default,@ a request for entry of default judgment, discovery requests, and
another motion to extend the dismissal deadline.  But the record does not show that he
requested service of process on Dr. Potter during this time.








On August 28, 2006, the trial
court found that process had not been issued, served, and returned as required
by its order of July 12 and dismissed the case Afor want of prosecution and for failing to comply with the Court=s Orders.@  Appellant filed several postdismissal
motions, including a motion to Areopen@ the case, a
motion requesting service on Dr. Potter, a motion for appointment of counsel, a
motion for new trial, and ultimately a notice of appeal.  The record does not show that the trial court
took any action on Appellant=s postdismissal motions.  This
appeal followed.[2]

                                             Discussion

In five issues, Appellant
argues (1) that the trial court erred by dismissing his case for want of
prosecution, (2) that his Afactual allegation of Denial of Medical Treatment raises question of
law state/federal,@ (3) that
the trial court denied him a fair hearing, (4) that the trial court erred by
failing to appoint counsel, and (5) that the trial court erred by failing to
rule on his application for a temporary restraining order and a preliminary injunction.

A.                
Dismissal for
want of prosecution








Texas law confers on trial courts the
discretionary authority to dismiss a case for want of prosecution.  Tex. R.
Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999); City of Houston v. Thomas, 838 S.W.2d 296,
297 (Tex. App.CHouston
[1st Dist.] 1992, no writ).  A trial
court may dismiss a case when (1) it finds that the case has not been
prosecuted with due diligence; (2) the case has not been disposed of within the
Texas Supreme Court=s time
standards; or (3) a party fails to appear at a hearing or trial.  Villarreal, 994 S.W.2d at 630; Thomas,
838 S.W.2d at 297.  In determining
whether a plaintiff has prosecuted his case with due diligence, A[t]he trial court may consider the
entire history of the case, including the length of time the case was on file,
the amount of activity in the case, the request for a trial setting and the
existence of reasonable excuses for delay.@  Nawas v. R & S Vending, 920 S.W.2d
734, 737 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  A pro se
litigant is as responsible for prosecuting his action with diligence as any
other litigant.  See Coleman v.
Lynaugh, 934 S.W.2d 837, 838 (Tex. App.CHouston
[ 1st Dist.] 1996, no writ).  We may reverse
a trial court=s
dismissal of a claim for want of prosecution only if the court clearly abused
its discretion.  MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997); Nawas, 920 S.W.2d at 737.

As excuse for his failure to serve process on Dr.
Potter, Appellant states that he was Aon
restriction@ and had
access to mailing supplies once a month. 
But the record shows that during the three years his case was pending in
the trial court, he managed to mail at least thirty-seven documents to the
trial court clerk.  Two and a half years
lapsed before Appellant attempted to identify the John Doe defendant, and Appellant
did not actually request service on Dr. Potter until after the trial court
dismissed his suit for want of prosecution. 
Under the circumstances, we cannot say that the trial court clearly
abused its discretion by dismissing Appellant=s
suit, and we overrule his first issue.








In his third issue, Appellant argues that the
trial court=s order
of dismissal deprived him of his due process right to a fair hearing.  In the context of dismissal for want of prosecution,
Texas courts have held due process requires that a litigant receive notice
before the litigant=s claims
are dismissed.  See, e.g., Villarreal,
994 S.W.2d at 630; Creel v. Dist. Atty. for Medina County, 818 S.W.2d
45, 46 (Tex. 1991); Rohus v. Licona, 942 S.W.2d 111, 112-13 (Tex. App.CHouston [1st Dist.] 1997, no
writ).  Here, Appellant received notice
of the trial court=s intent
to dismiss his claims and filed a response and several motions to extend the
dismissal deadline.  Therefore, we hold
that the trial court=s
dismissal order did not violate Appellant=s
due process right, and we overrule his third issue.

B.                
Appointment of
counsel

In his fourth point, Appellant argues that the
trial court erred by failing to appoint counsel to represent him.  We review a trial court=s ruling on a motion to appoint counsel
in a civil case for an abuse of discretion. 
Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003).













The Texas legislature has provided for appointed
counsel in juvenile delinquency cases,[3]
in parental termination cases,[4]
and in cases in which application for court‑ordered mental health
services has been made.[5]  The legislature has also provided for at
least the possibility of appointed counsel in other civil matters by conferring
upon a district court judge the discretion to Aappoint
counsel to attend to the cause of a party who makes an affidavit that he is too
poor to employ counsel to attend to the cause.@  Tex.
Gov=t Code Ann. ' 24.016
(Vernon 2004).  Under exceptional
circumstances, Athe
public and private interests at stake [may be] such that the administration of
justice may best be served by appointing a lawyer to represent an indigent
civil litigant.@  Travelers Indem. Co. v. Mayfield, 923
S.W.2d 590, 594 (Tex. 1996).              In Gibson, the supreme court
noted that Ait is
easier to determine what is not exceptional than to pronounce a general
proposition on what would be exceptional.@  102 S.W.3d at 713.  Like the case before us, Gibson
involved an inmate=s medical
malpractice claim against a prison doctor. 
Id. at 711.  The court of
appeals held that the case presented Aexceptional
circumstances@ and that
the trial court erred by failing to appoint counsel for the inmate.  The supreme court reversed, stating,

This
case is an obvious example [of unexceptional circumstances]. Inmate suits
against prison personnel, rather than rare and unusual, are common.  In fact, the Legislature enacted laws in an
effort to curb this particular area of litigation excess.   The mere fact that an indigent inmate brings
a cause of action against an employee of the prison in which the inmate is
incarcerated does not constitute exceptional circumstances such that it
warrants appointed counsel. Furthermore, plaintiffs in medical malpractice
cases are routinely represented by counsel on contingent fee contracts.  As long as his claims against [the doctor]
were meritorious, [the inmate=s]
indigency should not have prevented him from employing able counsel.  The trial judge did not abuse his discretion
by failing to appoint counsel for [the inmate].

 

Id. at 713 (citations omitted). 

Following the precedent set by Gibson, and
for the reasons articulated by the supreme court, we hold that the trial court
did not abuse its discretion by not appointing counsel, and we overrule
Appellant=s fourth
issue.

C.                
Remaining
issues








In his second and fifth issues, Appellant argues
that his trial court petition stated a cognizable claim and that the trial
court erred by failing to rule on his motion for a preliminary injunction.  The trial court dismissed his claims for want
of prosecution, not because Appellant failed to state a claim; therefore, his
second issue is moot.  Whether Appellant
was entitled to a preliminary injunction is also moot because it concerns the
merits of his case, not the trial court=s
dismissal for want of prosecution. 
Therefore, we need not address Appellant=s
remaining issues on the merits.  See
Tex. R. App. P.
47.1.

 

 

                                             Conclusion

Having overruled Appellant=s first, third, and fourth issues, and not reaching his second and
fifth issues, we affirm the trial court=s order of dismissal for want of prosecution.  We deny Appellant=s AMotion for
Reconsideration of Appointment of Counsel,@ AMotion for a
Temporary Restraining Order and Preliminary Injunction,A @Motion for
Leave to File and Amended Complaint Adding Some More Parties, Pursuant to Rules
of Civ. Pro.,@ AMotion for Leave to File a Supplemental Complaint,@ and AMotion
Requesting Appointment of Expert Witness.@

PER CURIAM

PANEL F:    GARDNER, HOLMAN, and
WALKER, JJ.

DELIVERED: August 9, 2007











[1]See Tex. R. App. P. 47.4.





[2]No
party filed an Appellee=s
brief.





[3]See Tex. Fam. Code Ann. ' 51.10
(Vernon Supp. 2006).





[4]See
id. ' 107.013
(Vernon Supp. 2006).





[5]See Tex. Health & Safety Code Ann. ' 574.003
(Vernon 2003).