Opinion issued January 28, 2010















 

 




 

In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00158-CV

____________


ROBERT STRAUS d/b/a BOB STRAUS PHOTOGRAPHY, Appellant


V.


AUTO MANAGEMENT, INC., Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2004-16995






MEMORANDUM OPINION

 Appellant, Robert Straus, d/b/a Bob Straus Photography, appeals from the trial
court's judgment (1) dismissing his case for want of prosecution. In one issue, appellant
contends the trial court abused its discretion in dismissing his suit with prejudice and
declining appellant's motion for reinstatement because (1) appellant did not have
proper notice of dismissal, and (2) appellant's failure to appear at trial was
unintentional and due to extenuating circumstances. We conclude that the trial court
did not give adequate notice to appellant of its intent to dismiss the case. We
therefore reverse and remand the case to the trial court.Background In his pro se appeal, appellant challenges the trial court's dismissal of
appellant's claims against appellee, Auto Management, Inc. ("Auto"), arising out of
a breach of contract dispute. Appellant filed a brief in support of his appeal, however,
appellee did not file a brief in response. Although the Texas Rules of Appellate
Procedure offer no guidance for these circumstances, several intermediate appellate
courts, including this one, have chosen to conduct an independent analysis of the
merits of the appellant's claim of error, limited to the arguments raised by the
appellant, to determine if there was error. See Peachtree Construction, Ltd. v. Head,
No. 07-08-0020-CV, 2009 WL 606720, at *1 (Tex. App.--Amarillo Mar. 10, 2009,
no pet.) (not designated for publication); see also In re Bowman, No. 03-07-0418-CR,
2007 WL 4269842, at *2 (Tex. App.--Austin Dec. 5, 2007, no pet.) (not designated
for publication); Burns v. Rochon, 190 S.W.3d 263, 267 n. 1 (Tex. App.--Houston
[1st Dist.] 2006, no pet.) While we believe the better course is for appellees to file
response briefs, we will undertake to conduct an independent analysis of the merits
of appellant's issue.

 Trial in the instant case was set for January 2, 2007. The case was dismissed
after Auto appeared for trial but appellant failed to appear. Appellant alleges that his
failure to appear was because his attorney neglected to give him notice of the trial
date. Appellant also alleges that he had no notice of the dismissal hearing. 

 In his motion to reinstate, appellant asserted that his trial counsel had filed a
motion to withdraw from representing appellant and a motion for continuance so that 
appellant would have time to secure new counsel. Appellant alleged that the trial
court granted counsel's motion to withdraw, but did not grant the continuance. 
Appellant contended that he originally expected the case to be tried on December 21,
2006, and that he was unaware that trial had been rescheduled for January 2, 2007. 
Appellant argued that his failure to prosecute the case was not due to conscious
indifference or intentional neglect and that his business schedule allowed for trial in
late December, as originally scheduled, but did not permit trial in January. 
Moreover, appellant claimed that he did not have enough time between late December
and early January to secure a new attorney. 

Standard of Review

 The standard of review for a trial court's dismissal for want of prosecution and
denial of a motion to reinstate is a clear abuse of discretion. MacGregor v. Rich, 941
S.W.2d 74, 75 (Tex. 1997) (dismissal for want of prosecution); Smith v. Babcock &
Wilcox Const. Co., 913 S.W.2d 467, 467 (Tex. 1995) (denial of motion to reinstate);
Nawas v. R & S Vending, 920 S.W.2d 734, 737 (Tex. App.--Houston [1st Dist. 1996,
no writ) (dismissal for want of prosecution and denial of motion to reinstate). A clear
abuse of discretion occurs if the trial court acts without reference to any guiding rules
or principles or acts in an arbitrary or unreasonable manner. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).

Dismissal for Want of Prosecution A trial court may dismiss a case for want of prosecution: (1) when a party fails
to appear at a hearing or trial; (2) when the case has not been disposed of within the
supreme court's time standards; and (3) by the court's inherent power to dismiss
when the case has not been prosecuted with due diligence. Tex. R. Civ. P. 165a(1),
(2); Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); City
of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.--Houston [1st Dist.] 1992,
no writ) (citing Veteran's Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976)). In
deciding whether to dismiss a case for want of prosecution, the trial court may
consider the entire history of the case, including the length of time the case was on
file, the amount of activity in the case, the request for a trial setting, and the existence
of reasonable excuses for delay. City of Houston v. Robinson, 837 S.W.2d 262, 264
(Tex. App.--Houston [1st Dist.] 1992, no writ). 

 Before a trial court may dismiss a case for want of prosecution under either rule
165a or its inherent power, a party must be provided with notice and an opportunity
to be heard. See Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss
and the date and place of the dismissal hearing shall be sent by the clerk to each
attorney of record, and to each party not represented by an attorney . . . ."); Villareal,
994 S.W.2d at 630; Donnell v. Spring Sports, Inc., 920 S.W.2d 378, 386 (Tex.
App.--Houston [1st Dist.] 1996, writ denied). 

 In the instant case, the record shows that the trial court dismissed appellant's
case for want of prosecution on January 3, 2007, one day after appellant failed to
appear for trial. There is nothing in the record that indicates that appellant was
provided notice of the dismissal hearing, such as an affidavit indicating that the clerk
attempted to contact appellant at his last known number, and no indication that
appellant was represented by counsel at that point. Therefore, based on our
independent analysis of the merits of appellant's issue, we hold that the trial court
clearly abused its discretion when it failed to provide appellant adequate notice of
dismissal and an opportunity to be heard. See Tex. R. Civ. P. 165a(1); see also
Donnell, 920 S.W.2d at 386 (reversing trial court's dismissal for want of prosecution,
when court instantaneously dismissed based upon opposing party's verbal motion,
because trial court failed to give adequate notice to Donnell before dismissing); See
also Forward v. Texas Bd. of Pardons and Paroles, No. 01-07-00914-CR, 2009 WL
4856423, at *2 (Tex. App.--Houston [1st Dist.] 2009, no pet. h.) (mem. op.)
(reversing dismissal of Forward's expunction petition for want of prosecution when
Forward was given notice of trial court's intent to dismiss on same day court
dismissed his case).

 We sustain appellant's first issue.

Conclusion

 We reverse the trial court's judgment dismissing appellant's case for want
of prosecution and remand the case for further proceedings.



 Sherry Radack

 Chief Justice

 


Panel consists of Chief Justice Radack and Justices Alcala and Higley.
1. Although the January 3 ruling was styled "Order of Dismissal with Prejudice," it was
a judgment. See Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20
(Tex. 1994) ("A properly executed order of dismissal is a judgment.").