Affirmed and Memorandum Opinion filed September 22, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-01055-CV



 

David James, Appellant

V.

Metropolitan Transit
Authority, Ms. Theresa Chang, Et. Al.,
Appellees

 



On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2008-76278



 

MEMORANDUM  OPINION

 

Appellant David James appeals the dismissal of his
personal injury suit against the Metropolitan Transit Authority (“Metro”) on
the grounds that (1) the trial court abused its discretion when it failed to
perform ministerial duties and rule on appellant’s motions, and (2) the trial
court failed to notify appellant of the dismissal for want of prosecution and to
hold hearings.  We affirm.

Background

On March 29, 2004, appellant was injured while riding
on a Metro bus that was involved in an accident.  On February 13, 2006,
appellant filed a personal injury suit against Metro, which was dismissed for
want of prosecution on May 21, 2007.  Appellant did not appeal from the 2007
dismissal.  On October 8, 2008, appellant filed a petition for bill of review
seeking reinstatement of his personal injury suit.  There is no evidence in the
record that Metro was served with appellant’s bill of review.  In response to a
notice that the bill of review would be dismissed for want of prosecution,
appellant filed a “Verified Motion to Retain.”  On December 17, 2009, the trial
court retained the bill of review on its docket.  On May 3, 2010, the court
sent another notice that appellant’s suit was eligible for dismissal for want
of prosecution.  On August 16, 2010, the trial court signed an order denying
appellant’s motion to retain due to lack of service on the defendant.  The court
specifically found “that the record lacks any indication that Petitioner has
attempted to serve Respondent with the Petition for Bill of Review.”  The court
noted that, “Although the motion includes a certificate of service, it does not
indicate service on Respondent.”  On October 7, 2010, the trial court dismissed
appellant’s petition for bill of review.

Dismissal
for Want of Prosecution

In two issues, appellant argues the trial court
wrongly dismissed his suit for want of prosecution.  A trial court’s authority
to dismiss for want of prosecution stems from the express authority of rule
165a of the Texas Rules of Civil Procedure as well as from the court’s inherent
power to manage its own docket.  Villarreal v. San Antonio Truck &
Equip. Co., 994 S.W.2d 628, 630 (Tex. 1999); 3V, Inc. v. JTS
Enterprises, Inc., 40 S.W.3d 533, 541 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  A trial court may dismiss a case when (1) it finds that the case has
not been prosecuted with due diligence; (2) the case has not been disposed of
within the Texas Supreme Court’s time standards; or (3) a party fails to appear
at a hearing or trial.  Villarreal, 994 S.W.2d at 630.  In determining
whether a plaintiff has prosecuted his case with due diligence, the trial court
may consider the entire history of the case, including the length of time the
case was on file, the amount of activity in the case, the request for a trial
setting and the existence of reasonable excuses for delay.  Nawas v. R &
S Vending, 920 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist .] 1996, no
writ).  We may reverse a trial court’s dismissal of a claim for want of
prosecution only if the court clearly abused its discretion. MacGregor v.
Rich, 941 S.W.2d 74, 75 (Tex. 1997).

In his brief appellant argues the trial court abused
its discretion because he attempted to have Metro served on March 8, 2006 and
March 23, 2006.  Appellant further contends he filed a motion for default
judgment on August 21, 2006, but the court failed to rule on the motion.  Appellant
appears to be complaining about the trial court’s dismissal of his personal
injury suit in 2007.  Appellant, however, failed to appeal that judgment;
therefore, we have no jurisdiction to consider the propriety of the first
dismissal.  See generally Tex. R. App. P. 26.1.  The judgment appellant
appealed is the dismissal of his petition for bill of review.

The record reflects that appellant made no attempt to
serve Metro with his petition for bill of review.  The Texas Rules of Civil
Procedure permit a party to request the court clerk to issue and deliver
citations to the defendant.  See Tex. R. Civ. P. 99(a).  A party may
rely on the clerk to serve the defendant within a reasonable time.  Auten v.
DJ Clark, Inc., 209 S.W.3d 695, 705 (Tex. App.—Houston [14th Dist.] 2006,
no pet.).  When a party learns, or by exercise of due diligence should have
learned, that the clerk failed to fulfill his duty under Rule 99, the party
must ensure the defendant is properly served.  Id.  Because appellant
failed to exercise due diligence to ensure proper service on Metro, the trial
court did not abuse its discretion in dismissing appellant’s petition for bill
of review for want of prosecution.  Appellant’s two issues are overruled.

            The judgment of the trial court
is affirmed.

 

                                                                                    PER
CURIAM

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.