COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICIA ANNE RUBSAMEN AND EBR & PAR LIMITED PARTNERSHIP, | § | No. 08-09-00004-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 394th District Court |
| | § | |
| WINIFRED WACKMAN, JANICE KELLOGG, JESSICA CLARK, AND JOSEPH GRADY CLARK, | § | of Brewster County, Texas |
| | § | (TC# 2008-11-B8808-CV) |
| Appellees. | § | |

## O P I N I O N

Appellants, Patricia Rubsamen and EBR & PAR Limited Partnership, raise two issues on appeal. In the first issue, Appellants allege that the trial court was without *in personam* jurisdiction to issue a turnover order, a supplement to that order, or a "final turnover and charging order" because they were not properly served with process and did not enter an appearance. In the second issue, Appellants allege that the trial court abused its discretion because it attached and levied exempt property and property not owned by them, and there was allegedly no evidence that there was nonexempt property that could not be attached or levied by ordinary legal proceedings. We affirm.

## BACKGROUND

Appellees secured a judgment against Appellants in the United States District Court for the Western District of Texas. In an effort to identify the assets available to satisfy the judgment, Appellees filed an application for turnover relief and for charging order. The trial court held a hearing to consider the application, issued a turnover order and, several days later, issued a supplemental order defining the responsibilities and duties of the receiver. Appellants appeal.

## DISCUSSION

In their first issue on appeal, Appellants complain that the trial court lacked *in personam* jurisdiction. In their second issue, Appellants complain that the trial court abused its discretion because: (1) it attached and levied exempt property and property not owned by Appellants, and (2) "there is no evidence that there was nonexempt property that could not be attached or levied by ordinary legal proceedings." We do not address the merits of these complaints as we find them inadequately briefed.

### *Inadequate Briefing*

The Rules of Appellate Procedure require that Appellants' brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). When the appellate issues are unsupported by argument or lack citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez v. Avitia*, 238 S.W.3d 843, 844-45 (Tex. App. – El Paso 2007, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. struck); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App. – Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App. – Houston [14th Dist.] 2002, no pet.). It is Appellants' burden to discuss their assertions of error, and we have no duty - or even right - to perform an independent review of the record and applicable law to determine whether there was error. *Valadez*, 238 S.W.3d at 845. Nor are we required to sift through the record in search of facts supporting a party's position. TEX. R. APP. P. 38.1(f), (h); *Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995) (when a party does not refer the appellate court to the precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the issue as inadequately briefed); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (it is not an appellate court's task to review the record in an attempt to verify appellant's claims); *Nawas v. R &*

*S Vending*, 920 S.W.2d 734, 737 (Tex. App. – Houston [1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where facts may be found, and appellate court is not required to search record without guidance to determine whether assertions regarding facts of case are valid).

Here, although Appellants provide three record citations - two in the Statement of the Case and one in the Argument - they do not direct us to the facts recited in Appellants' brief but, rather, they direct us to the index of the reporter's record. *Lawton*, 913 S.W.2d at 554; *Alvarado*, 912 S.W.2d at 210; *Nawas*, 920 S.W.2d at 737. Because Appellants have not provided any relevant or applicable cites to the record, and because we have no duty to search the record for the complained-of errors, we hold Appellants inadequately briefed their complaints. TEX. R. APP. P. 38.1. Accordingly, we overrule Appellants' complaints on appeal.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

August 4, 2010

Before McClure, J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment