

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00311-CV

Jesus **CASTILLO**,
Appellant

v.

David **PEEPLES**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2012-CVQ-001355-D2
Honorable J. Manuel Banales, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

AFFIRMED

This is an appeal from a trial court's order granting appellee Judge David Peeples's plea to the jurisdiction.  On appeal, it appears appellant Jesus Castillo contends the trial court erred in granting the plea to the jurisdiction because Judge Peeples assigned his own case to Judge J. Manuel Banales after another judge recused herself.  We affirm the trial court's judgment.

## BACKGROUND

In 2011, Castillo filed an original petition in Nueces County seeking to remove the Honorable Joe Lopez, a district judge in Webb County, from the bench.  The matter was assigned

to the Honorable David Peeples, Presiding Judge of the Fourth Administrative Judicial Region of Texas. After reviewing Castillo's petition, Judge Peeples declined to authorize issuance of citation pursuant to the Local Government Code and dismissed Castillo's petition. Thereafter, Castillo filed suit in Nueces County against Judge Peeples, alleging he had violated numerous provisions of the Code of Judicial Conduct.

In response, the Texas Attorney General, on behalf of Judge Peeples, filed a motion to transfer venue to Bexar County and an original answer. The motion to transfer venue was granted in part, but the case was transferred to Webb County. The Attorney General then filed a plea to the jurisdiction on behalf of Judge Peeples in which he alleged the judge was immune from suit, Castillo lacked standing, and Castillo failed to allege a viable cause of action.

In Webb County, the case was assigned to the Honorable Monica Z. Notzon, Judge of the 111th District Court. However, Judge Notzon recused herself on her own motion. Thereafter, the matter was assigned to the Honorable J. Manuel Banales, Senior Judge. The order of assignment in the clerk's record shows Judge Peeples signed the order assigning Judge Banales to preside over Cause No. 2012–CVQ–001255–D2, *Jesus Castillo v. The Honorable David Peeples*.

In response to the order of assignment signed by Judge Peeples, Castillo filed a motion to recuse Judge Banales, complaining about the assignment of Judge Banales and questioning Judge Peeples's impartiality in assigning Judge Banales to a case in which Judge Peeples was the defendant. Judge Banales declined to recuse himself and the matter was referred to Judge Peeples as the Presiding Judge of the Fourth Administrative Judicial Region. Thereafter, the Chief Justice of the Texas Supreme Court assigned the Honorable Mary Medary, Judge of the 347th District Court of Nueces County, to hear Castillo's recusal motion as to Judge Banales. On April 24, 2013, Judge Medary denied Castillo's motion to recuse Judge Banales.

On May 14, 2013, Castillo filed a notice of appeal in which he stated he desired to appeal from the denial of the motion to recuse. The notice of appeal was filed before any final judgment was entered in this matter. However, on May 29, 2013, the trial court granted Judge Peeples' plea to the jurisdiction and dismissed all of Castillo's claims. This constituted a final judgment. The clerk's record, containing the final judgment and the notice of appeal was filed in this court on June 6, 2013. After a review of the entire record, this court determined it had jurisdiction over this matter.

ANALYSIS

As noted above, it appears Castillo claims the trial court erred in granting the plea to the jurisdiction because the trial court and Judge Peeples violated canons of the Texas Code of Judicial Conduct when Judge Peeples assigned the matter to Judge Banales after Judge Notzon recused herself. Castillo argues it was wrong for Judge Peeples to undertake to assign another judge to his own case after Judge Notzon recused herself.

We begin by addressing the deficiencies in Castillo's briefing. On June 24, 2013, Castillo filed his appellant's brief in this court. After reviewing the brief, we determined it did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, we found the brief violated Rule 38.1 in that it did not: (1) identify the parties and counsel; (2) include a table of contents; (3) include an index of authorities; (4) include a brief statement of the issues presented; (5) include a statement of facts with record references; (6) include argument with appropriate citation to authorities and the appellate record; (7) include a prayer stating the nature of the relief sought; or (8) include an appendix. *See id.* R. 38.1(a) (requiring identity of parties and counsel), 38.1(b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record reference), 38.1(i) (requiring argument with appropriate citation to authority and record); 38.1(j)

(requiring prayer stating nature of relief sought), 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument). Moreover, we found the brief and complaints therein were not addressed to the only appealable order in the record, which is the trial court's order granting the plea to the jurisdiction.

Accordingly, on July 1, 2013, we issued an order, which stated, in pertinent part:

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before **July 11, 2013**. The amended brief must correct the violations listed above and fully comply with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1.

On July 11, 2013, Castillo filed an amended brief. After reviewing the amended brief, we determined it was not in compliance with Rule 38.1, specifically noting the brief failed to include an identity of parties and counsel and failed to include citations to the appellate record. *See* TEX. R. APP. P. 38.1(a), (g), (i). Accordingly, we sent a letter to Castillo on July 12, 2013, stating that although the court was not ordering him to rebrief a second time, he was advised that an absence of record citations may permit the court to consider an issue waived due to inadequate briefing. We noted the brief was also deficient because it did not contain an appendix, and we ordered Castillo to file an appendix in this court on or before July 22, 2013. *See* TEX. R. APP. P. 38.1(k).

On July 24, 2013, Castillo filed his "Second Amended Appellant's Brief." Although this brief corrected the failure to include an identity of parties and counsel and an appendix, the brief still failed to include a single citation to the record and contains a single citation to the Texas Code of Judicial Conduct. Thereafter, Castillo filed what he denominated his "Appellant's Brief II,"

which we presume was intended as a supplement to his second amended brief. This supplemental brief also fails to include a single citation to the record, and adds a single reference to authority, citing a second provision of the Texas Code of Judicial Conduct.

It is well-settled that an appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record, or the issue may be deemed waived. *See, e.g., Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.) (holding failure to cite to relevant portions of record waives appellate review); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied ) (holding failure to provide appropriate records citations or substantive analysis waived appellate issue); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (providing that failure to offer argument, citations to record, or authority waives appellate review); *Citizens Nat'l Bank v. Allen Rae Investments, Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.) (holding appellant waived alleged jury charge error by failing to include proper citation to record). More specifically, this court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Keyes Helium Co.*, 393 S.W.3d at 861–62; *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Citizens Nat'l*, 142 S.W.3d at 489.

Here, despite two specific warnings from this court about the lack of citation to the record and its possible consequences, Castillo failed to include even a single citation to the appellate record. Accordingly, we hold his complaint is inadequately briefed, and therefore, waived.

However, even if we were to review Castillo's issue, we would find it without merit. First, Castillo contends Judge Peeples violated Canon 2B of the Texas Code of Judicial Conduct when, instead of recusing himself after Judge Notzon removed herself from the case, he referred the case,

a case in which he was the defendant, to Judge Banales. Canon 2B states a judge shall not allow any relationship to influence his judicial conduct or judgment, and precludes a judge from using his office to advance his own private interests. TEX. CODE JUD. CONDUCT, Canon 2B, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (West 2013). He further contends that Judge Banales, the judge who granted the plea to the jurisdiction, violated Canon 3D(1) of the Texas Code of Judicial Conduct. This canon states that a judge who receives information clearly establishing that another judge has committed a violation of this Code should take appropriate action. *Id.* Canon 3D(1). Clearly, Castillo contends that because Judge Peeples violated Canon 2B by referring the matter to Judge Banales, and Judge Banales violated Canon 3D(1) when he failed to take any action with regard to Judge Peeples's alleged violation.

Although we agree Judge Peeples should have referred the matter to the Texas Supreme Court after Judge Notzon recused herself, ultimately the issues of the propriety of Judge Banales hearing the case was determined by the Honorable Mary Medary, Judge of the 347th District Court of Nueces County, who was assigned by the Chief Justice of the Texas Supreme Court to hear Castillo's recusal motion as to Judge Banales. Judge Medary denied Castillo's motion to recuse Judge Banales. Thus, any possible error in the referral from Judge Peeples to Judge Banales was cured and rendered harmless by the review of an independent judge appointed by the supreme court to hear the matter.

Additionally, Castillo wholly fails to explain how the alleged violations of Canons 2B and 3D(1), if any, entitle him to a reversal of the order on the plea to the jurisdiction. He raises no argument with regard to standing, failure to state a cause of action, or judicial immunity — the defenses asserted by Judge Peeples in his plea to the jurisdiction. Accordingly, we hold that even if Castillo had preserved his complaint for our review, it should be overruled.

## CONCLUSION

Based on the foregoing, we overrule Castillo's complaint and affirm the trial court's judgment.

Marialyn Barnard, Justice