

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00687-CV

Rudy **NEIRA**,
Appellant

v.

Sheryl **SCULLEY**, In Her Official Capacity as the City Manager of the City of San Antonio, on
Behalf of the San Antonio Planning Commission,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05034
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  July 22, 2015

AFFIRMED

        This is an appeal from a trial court's order granting summary judgment in favor of appellee

Sheryl Sculley, In Her Official Capacity as the City Manager of the City of San Antonio, on Behalf

of the San Antonio Planning Commission.  On appeal, appellant Rudy Neira contends the trial

court erred in granting summary judgment in favor of Sculley because there is a "real and

substantial controversy that can be settled by declaratory judgment."  We affirm the trial court's

judgment.

**BACKGROUND**

An individual named Richard Hovenden purchased a one-acre lot in San Antonio.[1] After the purchase, Mr. Hovenden filed an application with the City of San Antonio's Planning Commission ("the Commission"), seeking to replat the one-acre lot into three individual lots.[2] A hearing was scheduled on Mr. Hovenden's application, and Neira, who owns a portion of a platted lot contiguous with the property in question, received notice of Mr. Hovenden's application and the date of the hearing. Neira admitted he did not attend the hearing. After the hearing, the Commission unanimously approved Mr. Hovenden's application.

Neira believed the division of the one acre lot "would divert storm water and cause damage to Mr. Neira and to neighbors." Neira also believed the Commission's decision to replat the one-acre lot was invalid. Neira filed a petition for declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, asking the trial court to declare that the replat invalid because: (1) it violated the Texas Local Government Code; (2) it violated the Texas Property Code; (3) it violated particular deed restrictions; and (4) the City acted in an unreasonable and arbitrary manner.[3] Neira's claims of invalidity appear to be based on his interpretation of section 35-515(h)(1) of the City of San Antonio's Unified Development Code, which governs the authorization of flag lots. *See* San Antonio, Tex., Unified Development Code § 35.515(h)(1) (2006). In response, Sculley filed an answer and thereafter, a motion for summary judgment. Neira filed a response to Sculley's motion for summary judgment and requested summary judgment on his own behalf.

---

[1] Technically, the lot was just over one-acre, but that is irrelevant to the substance of the matter.
[2] According to Sculley's summary judgment evidence, the lot in question was originally three lots in 1940. In 1959, the lot was replatted into a single, one-acre lot.
[3] In his summary judgment response, Neira specifically stated he was withdrawing (2) and (3) from consideration by the court.

After a hearing, the trial court granted Sculley's motion for summary judgment and denied the motion filed by Neira. Neira then perfected this appeal.

## ANALYSIS

Before addressing the merits, we must first determine whether Neira has presented anything for our review. It is well-settled that an appellant's brief must contain clear and concise arguments with appropriate citations to authorities and the record. *See, e.g., In re Estate of Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, at *8 (Tex. App.—San Antonio Feb. 19, 2014, pet. denied) (mem. op.); *Keyes Helium Co. v. Regency Gas. Servs.*, L.P., 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.); *see also* TEX. R. APP. P. 38.1(i). As stated by the supreme court in 2012, "[t]he Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Moreover, we have no duty to properly brief the issues for the appellant, or to sift through the record in search of facts supporting a party's position. *Torres v. Garcia*, No. 04–11–00822–CV, 2012 WL 3808593, at *4 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.); *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). In other words, it is the appellant's burden "to discuss [his] assertions of error, and we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Rubsamen*, 322 S.W.3d at 746. The failure to cite applicable authority or provide substantive analysis waives an issue on appeal, as does the failure to provide citations to relevant portions of the appellate record. *See, e.g., Keyes Helium Co.*, 393 S.W.3d 861–62

(holding that failure to cite to relevant portions of record waives appellate review); *Huey*, 200 S.W.3d at 854 (holding that failure to cite applicable authority or provide substantive analysis waives issue on appeal); *Niera*, 2010 WL 816191, at *3 (holding that failure to provide appropriate citations or substantive analysis waived appellate issues); *WorldPeace*, 183 S.W.3d at 460 (holding that failure to offer argument, citations to record, or authority waives appellate review); *Citizens Nat'l Bank*, 142 S.W.3d at 489–90 (holding that appellant waived jury charge error by failing to include proper citation to record); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (holding appellate court may use its discretion to find issues waived due to inadequate briefing).

We recognize Neira is pro se on appeal, i.e., he is representing himself. However, pro se litigants are generally held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs. *E.g.*, *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.); *Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied); *Decker v. Dunbar*, 200 S.W.3d 807, 809 (Tex. App.—Texarkana 2006, pet. denied); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). As the supreme court stated in *Mansfield State Bank v. Cohn*:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedures rules, or else they would be given an unfair advantage over litigants represented by counsel.

573 S.W.2d 181, 184–85 (Tex. 1978); *see Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating the pro se litigants are not exempt from rules of procedure and that "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel).

Neira's brief is deficient. First, his brief does not include a single citation to the appellate record. The record consists of a clerk's record of more than three hundred pages. Although Neira refers to documents in the clerk's record, he does not provide to this court with a citation to the place in the record where the documents can be found. As Neira himself points out, his own reply consists of six pages and a twenty-page attachment.

Second, Neira includes in his brief a single citation to authority — *Potter v. Clear Channel Outdoor, Inc.*, No. 01-07-00578-CV, 2009 WL 1886168 (Tex. App.—Houston [1st Dist.] July 2, 2009, no pet.) (mem. op). Although the cited case involves a motion for summary judgment in a declaratory judgment action, this is where the similarity ends. The appeal brought by Neira concerns declarations relevant to the interpretation of a city ordinance as it relates to the replatting of real property. *Potter*, on the other hand, has nothing to do with replatting or city ordinances. *Id.* at *1. Rather, it concerns a declaration regarding the proper interpretation of ground leases for billboard use. *Id.* The only proposition for which Neira cites *Potter* is that in the event this court agrees with him, we should remand the matter for another hearing before the Commission. He does not cite any other authority.

Finally, Neira wholly fails to present an actual substantive argument in his brief. Rather, he provides conclusory statements to the effect that he believes section 35-515(h)(1) of the Unified Development Code has a certain meaning, which renders Sculley's, i.e., the Commission's, replatting decision erroneous, whereas Sculley, i.e., the Commission, believes the same ordinance has another meaning, which renders the Commission's decision correct. Neira provides no argument regarding the substance of the ordinance, no argument as to what his interpretation is as opposed to the Commission's, or why his interpretation should prevail over that of the Commission. Neira simply contends that because his interpretation is different from that of the

Commission's, summary judgment was improper. This alone does not constitute a proper legal argument.

As reflected in the foregoing description, we hold the brief fails to meet the basic requirements of the briefing rules set out in Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. The brief fails to provide a single citation to the clerk's record—which is over three hundred pages long, fails to provide any authority—other than a single citation to a case that involves interpretation of a ground lease, and further fails to provide an actual, appropriate legal argument for the relief sought. Because Neira has failed to provide any citations to the record, cite applicable authority, or provide substantive analysis for his contentions, we hold he has presented nothing for our review. *See Huey*, 200 S.W .3d at 854.

Moreover, even if Neira had properly briefed this matter, we would nevertheless affirm the trial court's summary judgment in favor of Sculley. In her motion for summary judgment, Sculley set out numerous grounds in support of her motion, and in its summary judgment order, the trial court did not specify upon which grounds the motion was granted. When a party moves for summary judgment on multiple grounds and the trial court's summary judgment order does not specify the ground or grounds upon which judgment was granted, an appealing party must negate all possible grounds upon which summary judgment could have been rendered by either asserting a separate issue challenging each possible ground or asserting a *Malooly* point and providing argument upon each possible ground. *Ramirez v. First Liberty Ins. Corp*., 458 S.W.3d 568, 571– 72 (Tex. App.—El Paso 2014, no pet.); *Woodhaven Partners, Ltd. v. Shamoun & Nourman, L.L.P.*, 422 S.W.3d 821, 831 (Tex. App.—Dallas 2014, no pet.); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). If an appellant fails to challenge each possible ground upon which summary

judgment could have been granted, we must uphold the summary judgment. *Ramirez*, 458 S.W.3d at 571–72; *Woodhaven Partners, Ltd.*, 422 S.W.3d at 831; *Jarvis*, 298 S.W.3d at 313.

In her motion for summary judgment, Sculley raises multiple grounds for summary judgment. However, Neira challenges only those grounds relating to the actual interpretation of the section 35-515(h)(1) of the Unified Development Code, ignoring Sculley's grounds relating to: (1) the contention that any declaration against Sculley alone, as an *ex officio* member of the Commission, would be insufficient to resolve this matter; (2) Neira's failure to join all persons who might be affected by the judgment; (3) Neira's lack of standing; and (4) Neira's failure to preserve a legal challenge to the Commission's ruling. Even under the most liberal interpretation of Neira's brief, we hold he has not raised issues challenging each ground upon which summary judgment could have been granted nor raised a *Malooly* point supported by argument on each specific ground. We must, therefore, uphold the summary judgment in favor of Sculley. *See Ramirez*, 458 S.W.3d at 571–72; *Woodhaven Partners, Ltd.*, 422 S.W.3d at 831; *Jarvis*, 298 S.W.3d at 313.

## CONCLUSION

Based on the foregoing analysis, we hold Neira has waived his appellate complaints due to inadequate briefing. Additionally, even if Neira has properly briefed his appeal, we would affirm the trial court's summary judgment in favor of Sculley because Neira failed to negate all possible grounds upon which summary judgment could have been granted. Accordingly, we affirm the summary judgment.

Marialyn Barnard, Justice