

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00575-CV

Charles Victor **WILLIAMS**,
Appellant

v.

Scott **STILES** and Martha Stiles,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-06819
Honorable Richard Price, Judge Presiding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: March 18, 2020

AFFIRMED

This is an appeal from the trial court's order granting appellees' motion for summary judgment and dismissing appellant's suit to adjudicate parentage. On appeal, appellant contends his constitutional right to due process was violated. We affirm.

---

[1] The Honorable Norma Gonzales is the presiding judge of the 131st Judicial District Court, Bexar County, Texas. However, the Honorable Richard Price, sitting by assignment, signed the order that is the subject of this appeal.

## BACKGROUND

On March 26, 2009, the trial court terminated the parental rights of the biological mother and the alleged father of the child who is the subject of this suit. On the same day, the trial court adjudicated appellees Scott and Martha Stiles as the adoptive father and mother of the child. Appellant Charles Victor Williams was not a party to these proceedings.

Approximately nine years later, on April 13, 2018, appellant filed a pro se petition to adjudicate parentage, seeking an order authorizing a DNA test of the child to establish paternity. Thereafter, appellees filed a motion for summary judgment, asserting that appellant's suit was barred by a four-year statutory limitations period. Appellant filed a response arguing that the four-year statutory limitations period did not apply because he was bringing a collateral attack on the birth certificate, termination order, and adoption order. After a hearing on the motion, the trial court granted appellees' motion for summary judgment and dismissed appellant's suit to adjudicate parentage.

Appellant now appeals pro se. On appeal, appellant does not reassert his collateral attack argument; rather, appellant appears to argue that his right to due process was violated when he did not receive an opportunity to adjudicate parentage and when he did not receive notice of the termination and adoption proceedings that occurred in 2009.

## INADEQUATE BRIEFING

As an initial matter, we must determine whether appellant has presented anything for our review. On May 24, 2019, this court issued an order striking the appellant's original brief. In our order, we noted that appellant's brief failed to include any citations to authorities or to the appellate record and failed to redact sensitive data. *See* TEX. R. APP. P. 9.9(a)(3), 38.1(g), 38.1(i). We ordered appellant to file an amended brief correcting the deficiencies set out in the order. Appellant filed an amended brief, and, on July 1, 2019, we issued an order striking appellant's

amended brief. Although the amended brief did not contain sensitive data, it violated Texas Rule of Appellate Procedure 38.1 in that it failed to include any citations to authorities or to the appellate record. *See id.* R. 38.1(g), 38.1(i). Again, we ordered appellant to file an amended brief correcting the deficiencies set out in the order. Appellant filed a second amended brief, which once again violated Texas Rule of Appellate Procedure 38.1 in that it failed to include any citations to authorities or to the appellate record. *See id.* Despite the deficiencies in appellant's second amended brief, we issued an order accepting the second amended brief as filed. However, we advised appellant that because of the deficiencies in his second amended brief "we may ultimately conclude that appellant has waived his appellate complaints due to inadequate briefing."

A pro se litigant is held to the same standards as a licensed attorney and, thus, must comply with all applicable procedural rules, including the Texas Rules of Appellate Procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules . . . ."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Despite our two prior orders noting briefing deficiencies and striking earlier briefs, appellant's second amended brief contains many of the same violations of Texas Rule of Appellate Procedure 38.1 as in his earlier briefs. *See* TEX. R. APP. P. 38.1 (setting forth requirements for an appellant's brief).[2]

---

[2] Specifically, appellant's second amended brief does not: (1) identify all parties and trial and appellate counsel, TEX. R. APP. P. 38.1(a); include a statement of the nature of the case and the course of proceedings supported by references to the record, *id.* R. 38.1(d); (2) include a statement of facts supported by references to the record, *id.* R. 38.1(g); (4) include a summary of the argument, *id.* R. 38.1(h); (5) include a clear and concise argument for the contentions made with appropriate citations to authorities and to the record, *id.* R. 38.1(i); and (6) include an appendix with the items detailed in Rule 38.1(k), *id.* R. 38.1(k).

It is well-settled that an appellate brief must contain clear and concise arguments for the contentions made with appropriate citations to authorities and to the appellate record. *See id.* R. 38.1(i); *Lott v. First Bank*, No. 04-13-00531-CV, 2014 WL 4922896, at *2 (Tex. App.—San Antonio Oct. 1, 2014, no pet.) (mem. op.). Appellant's second amended brief fails to include a single citation to the appellate record. We are "not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the [appellant]'s argument." *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.). Additionally, appellant cites to only one case in his second amended brief, *Lehr v. Robertson*, 463 U.S. 248 (1983). As to this case, appellant merely quotes the syllabus of the case prepared by the Supreme Court's Reporter of Decisions. Appellant does not provide any legal analysis of *Lehr*, does not explain how the case is relevant to his alleged points of error, and does not apply *Lehr* to the particular facts of his case. *See Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.) (noting the burden is on the appellant "to discuss [his] assertions of error, and we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error"). Finally, appellant's brief is devoid of substantive legal argument. Instead, the brief is comprised of factual statements which describe the nature of appellant's relationship with the child's biological mother and conclusory assertions of due process violations that are unsupported by any substantive legal analysis, appropriate legal authorities, or citations to the record. *See Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *5 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.) ("It is not sufficient for an appellant to merely state the trial court erred and cite authority; rather, an appellant must provide argument consisting of legal analysis of the issue.").

Although appellate courts are to construe briefing requirements reasonably and liberally,

as judges, we are to be neutral and unbiased adjudicators of the dispute before us. Our being placed in the position of conducting research to find authority supporting legal propositions uttered by a litigant when the litigant has opted not to search for same runs afoul of that ideal . . . . Under that circumstance, we are no longer unbiased, but rather become an advocate for the party.

*Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). Because appellant has failed to provide any citations to the record, cite applicable authority, or provide substantive analysis for his contentions, we hold his complaints are inadequately briefed and are, therefore, waived. *See, e.g.*, *In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at \*3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("When an appellant . . . fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief[,] nothing is presented for our review, i.e., error is waived.").

## CONCLUSION

Because we hold appellate has waived his appellate complaints due to inadequate briefing, he has presented nothing for our review. *See Lares v. Flores*, No. 04-13-00792-CV, 2015 WL 672560, at \*3 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (mem. op.). Accordingly, we affirm the trial court's order granting appellees' motion for summary judgment and dismissing appellant's suit to adjudicate parentage.[3]

Rebeca C. Martinez, Justice

---

[3] Appellees filed a "Motion to Waive Appellant's Complaints due to Inadequate Briefing," which we carried with the appeal. In light of our disposition of this appeal, appellees' "Motion to Waive Appellant's Complaints due to Inadequate Briefing" is moot.