

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00128-CV

---

BRENT SHOCKLEY, APPELLANT

V.

KRISHA MARIE YALK, APPELLEE

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-708854-21, Honorable Kenneth Newell, Presiding

---

February 14, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant challenges the trial court's entry of a lifetime protective order and award of attorney's fees against him for prosecution of the same. Because he has waived any potential error due to inadequate briefing even after an opportunity to cure the defects, we strike his brief and dismiss this appeal for want of prosecution.

Appellant filed a brief on July 29, 2022. The brief did not comply with Rule 38.1(g) and (i) of the Texas Rules of Appellate Procedure and we ordered him to file a corrected

brief in compliance with the applicable rules. He filed another brief which is also substantially out of compliance with relevant briefing requirements. Notably, he has no citation to the record in his fact or argument sections and the brief lacks appropriate citation to authority and/or substantive application of the facts of the case to guiding law throughout his argument sections.

Error can be waived by inadequate briefing. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994). Appellate briefing requirements are compulsory. *M&E Endeavours LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 Tex. App. LEXIS 6906, at *17–18 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.). We are not required, or allowed, to pick through the record to find and develop potential issues for the parties—even pro se litigants. *See Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 Tex. App. LEXIS 9623, at *4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not assume the role of advocate for a party). An appellate brief is meant to educate the court regarding the issues and assist in resolving the case. *Id.* at *2–3.

The Rules of Appellate Procedure control the required content and organization of an appellant's brief. TEX. R. APP. P. 38.1. Among other things, the rules require an argument that is clear and concise with appropriate citations to the record and relevant precedent. *See Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 Tex. App. LEXIS 8553, at *6–7 (Tex. App.—Corpus Christi Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

As previously mentioned, a pro se litigant is held to the same standard as an attorney and must comply with the Texas Rules of Appellate Procedure. *See Yeldell v. Denton Cent. Appraisal Dist.*, No. 02-07-00313-CV, 2008 Tex. App. LEXIS 6639, at *6 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure."). Appellant's pro se status does not alter this requirement. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed.").

The brief before the Court is disorganized, rambling, at times belligerent, and incredibly hard to decipher. It has three untitled and unenumerated argument "sections." We do not address arguments presented in such a manner. *See Massey v. Royall*, No. 14-02-01260-CV, 2004 Tex. App. LEXIS 719, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding that incomprehensible issue could not be addressed). The brief has no citation to the record. "A reviewing court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument." *In re S.R.V.*, No. 04-17-00556-CV, 2018 Tex. App. LEXIS 836, at *9–10 (Tex. App.—San Antonio Jan. 13, 2018, no pet.) (mem. op.) (citing *Keyes Helium Co. v. Regency Gas. Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.); *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.)).

After providing a party a chance to correct briefing error, appellate courts may strike a non-compliant brief and proceed as if no brief was filed. *See* TEX. R. APP. P. 38.9(a) ("If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief."). If a party fails to file a brief, we may dismiss for want of prosecution. TEX. R. APP. P. 38.8(a)(1). As such, we strike Appellant's corrected brief because of flagrant non-compliance with briefing rules.

The appeal is dismissed for want of prosecution. TEX. R. APP. P. 42.3(b), (c).

Per Curiam