

# NUMBER 13-24-00202-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF C.D.S. JR., A CHILD

## ON APPEAL FROM THE 233RD DISTRICT COURT
## OF TARRANT COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

Appellant D.H. (Mother), pro se, challenges the trial court's final judgment modifying child support and custody of her minor son, C.D.S. Jr. By six issues, she argues that: (1) modification was not in the best interest of the child; (2) "CPS overstepped its bounds by unlawfully interfering with the child support order under [Social Security Act] Title IV-D funding protocols"; (3) "[t]he lack of communication from CPS and the father" violated her right to due process"; (4) her "jurisdictional objections were dismissed without proper legal consideration, violating procedural rules"; (5) "[t]he trial court ignored

evidence of [Father's] violations of prior custody orders, contrary to Texas Family Code § 105.001(e)"; and (6) she signed a temporary restraining order under "coercion" and signed other forms under "duress." Because we find Mother inadequately briefed these issues, we affirm.[1]

## I. BRIEFING REQUIREMENTS

An appellant's brief must concisely state all issues or points presented for review and contain a clear and concise argument, including appropriate citations to authority and the record. TEX. R. APP. P. 38.1(h), (i). "This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations." *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Gunn v. Sandalwood Mgmt. Inc.*, No. 02-23-00254-CV, 2024 WL 2202019, at *3 (Tex. App.—Fort Worth May 16, 2024, pet. denied) (mem. op.). While we construe appellate briefs liberally and attempt to reach the merits of the dispute whenever reasonably possible, when a brief has flagrant, substantive defects and we find it inadequately presents an issue for our review, the issue is waived. *See* TEX. R. APP. P. 38.1(i), 38.9; *see also Cruz v. Gonzalez*, No. 02-23-00440-CV, 2024 WL 4002383, at *1 (Tex. App.—Fort Worth Aug. 30, 2024, no pet.) (mem. op.); *In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.).

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transfer case, we apply the precedent of the Second Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

We recognize that Mother is acting pro se on appeal. "However, the law is well-settled that a party proceeding *pro se* must comply with all applicable procedural rules." *Milteer v. W. Rim Corp.*, 303 S.W.3d 334, 335 (Tex. App.—El Paso 2009, no pet.); *see also Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (mem. op.). We have "no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error." *Canton-Carter*, 271 S.W.3d at 930. "Nor are we required to sift through the record in search of facts supporting a party's position." *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.).

## II.    INADEQUATE BRIEFING

Mother's brief fails to provide adequate background facts, a substantive analysis of her claims, citations to pertinent legal authority, or relevant citations to the record. *See* TEX. R. APP. P. 38.1(g), (h), (i).

In her first issue, Mother's entire argument is as follows:

> The trial court's decision failed to adequately consider the stability and emotional well-being provided by [Mother] over the past 11 years in violation of Texas Family Code § 153.002. Stability and continuity in the child's environment are paramount, and the evidence strongly indicated that [Mother] was the parent who provided this stability.

Mother provides no citations to the record or legal authority for this assertion. *See* TEX. R. APP. P. 38.1(i). While she cites to the best interest standard under Texas Family Code § 153.002, she does not apply the particular facts of this case to that standard. *See id.*; *Rubsamen*, 322 S.W.3d at 746 (noting the burden is on the appellant to discuss his assertions of error).

3

In her second issue, she argues that "CPS overstepped its bounds by unlawfully interfering with the child support order under Title IV-D funding protocols," and the "Title IV-D program is specifically designed to enforce child support payments and does not grant CPS authority to modify or interfere with existing child custody arrangements." She then contends that her "4th, 5th, and 14th [A]mendment [rights] were violated throughout the process." Mother provides no citations to the record. She cites to the holdings in *Troxel v. Granville*, 530 U.S. 57 (2000), and *Stanley v. Illinois*, 405 U.S. 645 (1972), but fails to make a cogent argument as to why they those cases are applicable and relevant to this case.

The rest of Mother's issues are similarly only one or two sentences in length and devoid of citations to the record or pertinent legal authority. We conclude Mother has inadequately briefed these issues as she does not provide legal analysis with citation to appropriate authority to support these assertions. *See* TEX. R. APP. P. 38.1. Therefore, Mother has waived her complaints for our review, and we overrule her issues. *See id.*; *see also Cruz*, 2024 WL 4002383, at *1–2 (overruling appellant's issue due to inadequate briefing and affirming the trial court's order); *Gunn*, 2024 WL 2202019, at *3 (same); *Onyebuchi*, 2014 WL 4463114, at *2 (same).

### III.    CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Delivered and filed on the
17th day of July, 2025.

4