

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00739-CV

Herlinda S. **GARZA**,
Appellant

v.

Claudia R. Saenz **HOURIGAN** and Esther A. Saenz Salmon as former trustee for
Osbaldo A. Saenz Sr. and Maria Estela G. Saenz Trust, Carmela Criselda Saenz Perez and
Cecilia Lisby Saenz Belmontez as trustees for Osbaldo A. Saenz Sr. and Maria Estela G. Trust,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-23-419
Honorable Jose Luis Garza, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 17, 2026

AFFIRMED

This appeal arises from a final judgment that denied Appellant Herlinda S. Garza's motion for no-evidence summary judgment and granted Appellee Claudia R. Saenz Hourigan's cross-motion for traditional summary judgment. We affirm.

## BACKGROUND

The underlying dispute centers around a one-fifth interest in real estate that was owned by the parties' mother. Herlinda S. Garza ("Garza") and her husband Homero A. Saenz, representing themselves, filed an original petition, alleging a trespass to try title claim and, alternatively, claiming right to the real property in question through adverse possession. Claudia R. Hourigan ("Hourigan") filed an answer, asserting she was a bona fide purchaser of the real property. She also filed a counterclaim, alleging that Garza and Homero A. Saenz had filed a fraudulent lien on real property without support and thus were liable under chapter 12 of the Texas Civil Practices and Remedies Code. Hourigan sought a declaratory judgment, removal of the lien, injunctive relief, and attorney's fees. In her first amended answer and counterclaim, she added a claim for slander of title and alleged that she also owned the real property through adverse possession.

Garza and Homero A. Saenz filed a pro se motion for no-evidence summary judgment. Hourigan filed a response to the no-evidence motion for summary judgment and a cross-motion for traditional summary judgment. In her traditional motion for summary judgment, Hourigan argued she was entitled to a summary judgment declaring that she was the owner of the real property because she purchased the real property from the trustee, and the evidence showed the trust had been the owner of the real property through either an inter vivos transfer or through adverse possession of the real property. Hourigan further argued that she was entitled to summary judgment on her claim under chapter 12 because the evidence showed Garza and Homero A. Saenz fraudulently filed a lis pendens. Hourigan also argued that she was entitled to summary judgment on her slander of title claim against Garza and Homero A. Saenz. At the summary judgment hearing, Garza and Homero A. Saenz appeared pro se. Hourigan and Esther Salmon, the former trustee, were represented by their respective counsel. Both Hourigan's and Esther Salmon's

attorneys argued that Hourigan bought the real property from the trust while Esther Salmon was trustee.

In its Final Judgment, the trial court denied Garza and Homero A. Saenz's motion for no-evidence summary judgment and granted Hourigan's traditional motion for summary judgment. The trial court did not state the grounds on which it was granting summary judgment. The trial court determined (1) Hourigan was the "rightful owner" of the real property, and (2) Garza and Homero A. Saenz owned no interest in the real property. The trial court then ordered that Garza and Homero A. Saenz "shall take nothing against Defendants." It further ordered the following:

> It is therefore Ordered, Adjudged, and Decreed that Defendants [sic] Response and Cross Motion is GRANTED in its entirety and that Defendants shall recover their costs and attorneys['] fees for defending this case from Plaintiffs [Garza] and Homero Saenz, and that execution shall issue for this judgment. Defendants Claudia R. Saenz Hourigan and Esther Saenz Salmon are allowed such writs and processes as may be necessary in the enforcement and collection of this judgment. Defendants Claudia R. Saenz Hourigan and Esther Saenz Salmon shall also recover post-judgment interest at the rate of 8.5% per annum, from the date of this judgment until the judgment is paid. Because there are no further pending claims between the parties, this Order is final and appealable.[1]

---

[1] "Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Here, the trial court's judgment refers generally to "defendants," and then explicitly refers to Hourigan and Esther Salmon. It does not specifically mention Defendants Carmela Criselda Saenz Perez and Cecilia Lisby Saenz Belmontez, as trustees for the Osbaldo A. Saenz Sr. and Maria Estela G. Saenz Trust. According to the Texas Supreme Court, "'[c]lear and unequivocal' language that reflects an intent to dispose of the entire case is given effect, but when there is doubt about finality, the record resolves the issue." *Id*. (quoting *In re R.R.K.*, 590 S.W.3d 535, 541 (Tex. 2019)). The clerk's record in this appeal reflects that Defendants Carmela Criselda Saenz Perez and Cecilia Lisby Saenz Belmontez, as trustees for the Osbaldo A. Saenz Sr. and Maria Estela G. Saenz Trust, were never served with citation by Garza and Homero A. Saenz, and never filed an answer. The supreme court has explained that when a trial court's judgment expressly disposes of some, but not all, defendants, and the only remaining defendants have not been served or answered, an appellate court should consider whether anything in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962). If "there is nothing to indicate that [the plaintiff] ever expected to obtain service upon" the unserved defendant, then "the case stands as if there had been a discontinuance as to [the unserved defendant], and the judgment is to be regarded as final for the purposes of appeal." *Id*. There is nothing in the record in this appeal to indicate that Garza and Homero A. Saenz expected to serve Defendants Criselda Saenz Perez and Cecilia Lisby Saenz Belmontez. Thus, we conclude the trial court's judgment is final. *See Denny v. Reinemund*, No. 07-21-00098-CV, 2022 WL 2817755, at *2 (Tex. App.—Amarillo July 19, 2022, no pet.) (applying *Youngstown* and holding that summary judgment was final because the record did not reflect that the plaintiff ever expected to serve the unserved defendant, who had not filed an answer); *Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *3 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (applying *Youngstown* and holding that summary judgment was final).

Garza then filed a pro se notice of appeal.[2]

**GARZA'S BRIEF**

Garza has represented herself during the trial court proceedings and now on appeal. The Texas Supreme Court has explained that "[t]here cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705 (Tex. 2021) (quoting *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). Thus, "[l]itigants who represent themselves must comply with the applicable procedural rules." *Id*. at 705-06 (quoting *Mansfield State Bank*, 573 S.W.2d at 185).

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). "It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record." *Rodriguez v. Inv. Retrievers, Inc.*, No. 04-25-00196-CV, 2026 WL 1088373, at *2 (Tex. App.—San Antonio Apr. 22, 2026, no pet. h.) (citing TEX. R. APP. P. 38.1(g), (i), and *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.)). "While pro se litigants must comply with the applicable procedural rules, application of the rules 'may require a different result when the actor is not a lawyer.'" *Rodriguez*, 2026 WL 1088373, at *2 (quoting *Li*, 631 S.W.3d at 706). "[C]ourts should 'review and evaluate pro se pleadings with liberality and patience.'" *Li*, 631 S.W.3d at 706 (citation omitted); *see also Rodriguez*, 2026 WL 1088373, at *2 (applying standard to pro se appellate brief). Additionally, the supreme court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless

---

[2]Homero A. Saenz did not file a notice of appeal from the final judgment.

procedural defects is disfavored.'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Id*. at 569-70 (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *see also Phillips Motors Co. v. Million Auto Parts*, No. 04-19-00391-CV, 2020 WL 1159062, at *2 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (holding that because the amended brief did "not include any citations to the record, actual legal analysis, or explanation as to why the trial court erred," appellant "waived its appellate complaints by failing to comply with the briefing rules").

On May 5, 2025, Garza filed her pro se appellant's brief. In our May 13, 2025 order, we explained that the brief violated Texas Rule of Appellate Procedure 38.1 because it did not contain an identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, a concise statement of all issues presented, a statement of facts with record references, a summary of the argument, a proper legal argument with appropriate citations to authorities and the appellate record, and an appendix that contains the trial court's judgment. *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i). (k)(1)(A). We therefore struck appellant's brief and ordered appellant to file an amended brief that complied with Rule 38.1. *See* TEX. R. APP. P. 38.9.

On June 25, 2025, Garza filed an amended brief. In our July 1, 2025 order, we explained that appellant's amended brief still violated Rule 38.1 because it did not contain a statement of facts with record references and a proper legal argument with appropriate citations to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i). Despite the amended brief's defects, we directed the clerk

to accept the amended brief as filed, but we cautioned Garza that the submission panel may determine that she had waived one or more issues due to inadequate briefing.

Even in liberally construing appellant's amended brief, we cannot glean a coherent argument relating to the trial court's granting of summary judgment. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding appellant waived appellate complaints because her brief consisted of "a series of disjointed factual assertions and cryptic complaints"). In her amended brief, Garza states that Hourigan "associated" with the trustee with "intent to deprive her siblings of their heirship of the subject properties and funds by fraudulently stating that subject property belonged to the Trust." Garza states that Hourigan "consipir[ed] a taking whatever it took" and "convinced [the trustee] with a large amount of money to convey the subject property to [Hourigan] depriving all of Maria Estela G. Saenz heirs and their heirship." Garza states that the trustee breached her fiduciary duties and "conspired" with Hourigan to sell the property at issue. However, Garza's petition alleged no claims for fraud, conspiracy, or breach of fiduciary duties. Her brief does not explain how her allegations and arguments relate to the granting of summary judgment being appealed. *See* TEX. R. APP. P. 38.1(i). Garza also refers to the trust being converted from an irrevocable trust to a revocable trust, but we cannot discern how her argument about the trust relates to the final judgment being appealed. *See id*. The burden is on the appellant "to discuss [her] assertions of error, and we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.). "Nor are we required to sift through the record in search of facts supporting a party's position." *Id*. Thus, we hold that Garza has waived her appellate complaints due to inadequate briefing and has presented nothing for our review. *See Williams*, 2020 WL 1277701, at *3 (holding

appellant waived her appellate complaints due to inadequate briefing); *Lares v. Flores*, No. 04-13-00792-CV, 2015 WL 672560, at *3 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (same).

Moreover, we note that even if we could discern Garza's arguments relating to the trust and the transfer of the real property to the trust, Garza has failed to attack all independent grounds to support the summary judgment. In her motion for traditional summary judgment, Hourigan argued she was the owner of the real property through an inter vivos transfer of the real property to the trust or, alternatively, through adverse possession. The trial court's final judgment granting summary judgment did not specify whether it had determined that there was an inter vivos transfer of the real property to the trust or whether it had determined that the real property was obtained through adverse possession. When an "independent ground fully supports the complained-of ruling or judgment," an appellant must attack each independent ground. *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). "The reasoning is that, if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground, and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Id*. (citation omitted). In reviewing Garza's brief liberally, we conclude that Garza does not attack Hourigan's adverse possession claim. Thus, any error by the trial court in determining Hourigan is the owner of the real property through an inter vivos transfer to the trust is harmless because Garza has not challenged the adverse possession claim in any way.

## CONCLUSION

We affirm the judgment of the trial court.

Adrian A. Spears II, Justice